Gregg, *Appellant*, v. The Farmers & Merchants' Bank of Hannibal, *Garnishee of the St. Louis, Hannibal & Keokuk Railroad Company.*

Garnishment: bank, deposit. Money deposited in bank to the credit of the depositor as "Supt." is liable to garnishment as a debt due the execution defendant, it appearing that the depositor was the latter's superintendent and that the money belonged to it.

*Appeal from Hannibal Court of Common Pleas.*—Hon. Theo. Brace, Judge.

Reversed.

*H. B. Leach* and *T. H. Bacon* for appellant.

The pleadings forming the issue in garnishment are a part of the record. *Union v. Dillon,* 75 Mo. 380 ; Drake on Attachment, (1 Ed.) § 658 a. The instruction asked by

appellant properly declared the law to be that the defendant could have the depositor impleaded as a party. R. S. 1879, § 254; *Wimer v. Pritchett,* 16 Mo. 252; *Cohen v. St. Louis, etc.,* 11 Mo. 374. The deposit account in the name of " W. W. Walker, Supt.," was of itself notice that the depositor was an agent depositing his principal's money, (*Bridgman v. Gill,* 24 Beav. 306,) and the deposit was *prima facie* that of an agent, (*Bank v. Jones,* 42 Pa. St. 536,) and the defendant in execution had the legal right to enforce in its own name the payment of the money, (*Washington v. St. Marys,* 52 Mo. 480,) and as legal priority in contract as well as in interest was thus shown, the garnishee was liable. Drake on Attachment, chap. 21, § 490; Morse on Banking, (2 Ed.) 300; *Bills v. National, etc.,* 89 N. Y. 343; *Raynes v. Lowell, etc.,* 4 Cush. 343. The garnishee's answer admitted its knowledge that W. W. Walker " held some official relation to defendant." The debit could not have been garnisheed by a creditor of the depositor, (*Farmers, etc., v. King,* 57 Pa. St. 202,) and the depositor could not have been garnisheed as the debtor of defendant in execution. *Mueth v. Schardin,* 4 Mo. App. 403; *Neuer v. O'Fallon,* 18 Mo. 277.

*Easley & Russell, W. P. Harrison* and *D. H. Eby* for respondent.

The garnishee cannot be charged because there was no privity of contract between the defendant and the garnishee; the defendant in execution could not have maintained either debt or *indebitatus assumpsit* against the garnishee at the time the garnishment process was served. Plaintiff's denial did not raise or state a cause of action in plaintiff, and the finding of the trial court was right on both the pleadings and evidence. R. S., § 2533; *Union Bank v. Dillon,* 75 Mo. 380. The trial court did not err in refusing to give the declaration of law asked by plaintiff. *Dobbins v. Hyde,* 37 Mo. 114; *Wilson v. Murphy,* 45 Mo. 409; *Karnes*

*v. Pritchard,* 36 Mo. 135 ; 39 Mo. 157 ; *Sheedy v. Nat. Bank.* 62 Mo. 17.

HENRY, J.—On the 15th day of November, 1880, the sheriff of Marion county, by virtue of an execution in favor of plaintiff against the defendant railroad company, issued from the Hannibal court of common pleas, served a garnishment on the defendant bank. To interrogatories filed, the bank made the following answer :

" The Farmers & Merchants' Bank of Hannibal, Missouri, garnishee in the above entitled cause, now comes by its president, and in answer to the interrogatories filed herein by the plaintiff, says that at the time it was summoned herein, it was not, nor since has it become indebted in any way to the defendant, that it has not, to its knowledge, nor now has in its possession or under its control any property of any kind belonging to the defendant, unless it be as hereinafter stated. In further answer the said bank further says that W. W. Walker, of Hannibal, Missouri, who, as the bank understands, held some official relation to the defendant, the exact character of which is unknown to said bank, had deposited in said bank at sundry times prior to the time of said summons, sundry amounts of money under the name of W. W. Walker, Supt., and had on deposit at said time of summons under said name and title, the sum of 500, or more, dollars, the said bank not being advised what interest, if any, the defendant had in said money so on deposit in said bank to the credit of said W. W. Walker, Supt., as aforesaid. The said bank having fully answered, asks that it be discharged with its costs."

To which plaintiff replied as follows : " Replying herein, the plaintiff denies each and every allegation in the garnishee's answer, except the allegations in regard to W. W. Walker and his dealings with said garnishee. And for new matter herein, the plaintiff says that said W. W. Walker was and is the agent of said St. Louis, Hannibal & Keokuk Railroad Company, to-wit : the superintendent

thereof, and said money so on deposit in said bank to the credit of W. W. Walker, Superintendent, was and is the money of said St. Louis, Hannibal & Keokuk Railroad Company, and was as such deposited by said W. W. Walker, as said superintendent of said company defendant, its chief officer in this State, carrying on its business as a railroad company, corporation and common carrier. Wherefore plaintiff prays judgment of garnishment herein for the amount of judgment and costs due plaintiff on its judgment against said company, and all proper relief."

To the plaintiff's denials and averments, the garnishee duly replied by a general denial.

The evidence introduced by the plaintiff to sustain the garnishment proceedings, is fully set out in appellant's abstract, from which it appears that W. W. Walker, on behalf of plaintiff, testified that he was the person named as W. W. Walker, Supt., as a depositor in defendant's bank; that at and prior to the time of making said deposits he was the superintendent of the St. Louis, Hannibal & Keokuk Railroad Company; that he made said deposit in the name of " W. W. Walker, Supt.," and that the money so deposited was the money of the said railroad company. He further said that he was the chief officer of the road in this State, and that he made the deposit in the name of " W. W. Walker, Supt.," to keep it separate from his own money, and checked it out as needed to pay the running expenses of the road, including the payment of his own salary as superintendent; that the said deposit was not his own money, and he had no claim to it as his own, " though the said railroad company was in debt to him."

A. R. Levering, on behalf of plaintiff, testified that he was the cashier of said Farmers & Merchants' Bank, garnishee, pending said deposit in the name of W. W. Walker, Supt." That he did not know what the word " Supt." after Walker's name stood for or represented; and did not know the name of the railroad company by which Mr. Walker was employed. " The bank did not know the rail-

road company in the transaction; and did not know that the said railroad company had any interest in the money."

Upon the evidence the plaintiff asked the court to declare the law as follows:

The court instructs the jury that for the purposes of this action of garnishment the plaintiff is to be taken as the assignee of all the legal rights, if any, of the St. Louis, Hannibal & Keokuk Railroad Company to the indebtedness, if any, of the Farmers & Merchants' Bank of Hannibal, Missouri, represented by its deposit entry in the name of " W. W. Walker, Supt.," and if the jury believe from the evidence that prior and up to the time of said garnishment the said W. W. Walker was the superintendent of the said St. Louis, Hannibal & Keokuk Railroad Company, and as such deposited in said bank to the credit of " W. W. Walker, Supt.," the funds of the said St. Louis, Hannibal & Keokuk Railroad Company for the purpose on his own part of keeping said fund as the money of said railroad company separate and distinct from said Walker's individual funds, and that on the witness stand in this cause said W. W. Walker has disavowed any claim to said fund except as the superintendent of said railroad company and in that capacity, it is the privilege of said Farmers & Merchants' Bank of Hannibal, Missouri, to apply for and secure an order on said W. W. Walker to appear in this cause and show cause, if any he has, why said money so due on said deposit account of W. W. Walker, Supt., should not be applied to the satisfaction of this garnishment, and in the absence of any such application on the part or behalf of said bank, the jury will find for the plaintiff.

The court refused to give the declarations asked, found for the garnishee, and rendered final judgment in its favor; from which ruling and judgment plaintiff appealed.

We are of the opinion that the court should have given the instruction asked by plaintiff. The evidence established the fact, that notwithstanding the money was deposited by Walker, it was really the property of the railroad company,

of which he was superintendent. The cases cited by respondent's counsel to the effect that garnishment is "a legal proceeding, and not adapted for the ascertainment and settlement of equitable rights between the garnishee and defendant," are not questioned. Neither is the doctrine announced in *Firebaugh v. Stone*, 36 Mo. 114; *Scales v. Southern Hotel Co.*, 37 Mo. 520, and *McPherson v. A. & P. R. R. Co.*, 66 Mo. 103, doubted. This court, in those cases, simply held that the garnishee is liable to the creditor to the same extent that he was liable to the defendant in the execution. "Even at law an unknown principal may often avail himself of a contract made with his agent. In the case of a simple contract he may show that the apparent party was his agent, and treat the contract as made with himself, not, however, injuriously affecting the rights of the other party. In many of these cases he is allowed to sue directly upon the contract. But whenever he can show that his money has been placed in the hands of another by his agent, it is no objection to his claim that the other has promised to pay it to the agent." *Farmers & Mechanics' Bank v. King*, 57 Pa. St. 204.

The manner in which the deposit was made, in this case, was notice to the bank, that the money was not the property of the depositor, but of another. The depositor himself testified that it belonged to the railroad company. There were no equities to settle between the bank and the depositor, or between the railroad company and the bank or depositor. It was a simple question, in which the triers of the fact would not be embarrassed by any equities claimed by any one against the company's right to the money. The above and other Pennsylvania cases, cited by appellant's counsel, fully sustain the view of the law presented by his refused instruction, and in Drake's work on Attachment, the doctrine is approved. § 491, and notes. Morse on Banks and Banking, (2 Ed.) 302.

Nor is this in conflict with what was held in the *State ex rel. v. Powell*, 67 Mo. 395. There, Powell, a school trustee

and treasurer of the school funds of a school township, de-posited as treasurer, the school moneys in a bank which afterward became insolvent, and the money was lost. Pow-ell was held personally liable for the money, on the express ground, " that as a public officer, he was subject to special obligations for the benefit of the public, and that his degree of responsibility was not to be determined by the ordinary law of bailment."

The judgment is reversed and the cause remanded. All concurring.