EYERMAN v. THE SECOND NATIONAL BANK OF ST. LOUIS, *Appellant.*

1. **Officers :** NOTICE : PRESUMPTIONS. The fact that money is deposited in bank by a county treasurer raises no presumption that it belongs to the county.

2. ———: DESCRIPTIO PERSONÆ. That the words "county treasurer," are added to a depositor's name on his checks and pass book does not give notice that the depositor holds the fund as such treasurer.

3. **Notice.** One who has notice of such facts as put him upon inquiry is bound by every fact which an inquiry would have disclosed.

4. ———: PRACTICE. The question of notice is one for the jury.*

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Noble & Orrick* for appellant.

*A. R. Taylor* for respondent.

NORTON, J.—One Herman Richtien in 1874 was the county treasurer of St. Louis county, and also county treasurer of school moneys for said county. He deposited of these school moneys the sum of $17,705.28 in

---

* These syllabi are taken from 13 Mo. App. 289.

the First National Bank of St. Louis to his credit as county school treasurer. The said bank thereafter failed, and the receiver delivered to said "Richtien as county school treasurer" a certificate for said sum of $17,705.28. Said receiver thereafter delivered to Richtien a draft for $2,655.79, it being the amount of the first dividend of the assets of said bank payable to the order of "Herman Richtien, county school treasurer." On the same day said draft was received Richtien endorsed and delivered the draft to defendant, and received therefor from it the face value thereof. The plaintiff, who was one of the securities on the bond of Richtien as county school treasurer, having with the other sureties paid a judgment rendered against them and said Richtien on his said bond, by virtue of assignments made to him by his co-sureties, and by the board of president and directors of the St. Louis public schools, the county court and treasurer became entitled to the claim against defendant for the conversion of said draft of $2,655.28, and being so entitled he instituted this suit in the circuit court setting up in detail and at considerable length the above facts, and the additional fact that at the time defendant purchased the said draft of Richtien it had knowledge of the facts and circumstances stated in the petition, and that it knew that said draft was not the property of Richtien, and that he had no title to the same.

On the trial all the facts stated were admitted except that defendant had knowledge that the draft was not the property of Richtien, and that he had no title thereto. The circuit court sustained a demurrer to the evidence and rendered judgment for the defendant, from which the plaintiff appealed to the St. Louis court of appeals, which reversed the judgment of the circuit court on the ground that there was evidence tending to show that defendant when it purchased the draft of Richtien, had knowledge that it did not belong to him, but was drawn on account

of public school money to which Richtien was not enti-
tled, and that the question should, therefore, have been
submitted to the jury.

An examination of the record satisfies us of the
correctness of the conclusion reached by the court of ap-
peals, and we hereby affirm its judgment for the reasons
given in the opinion which is reported in 13 Mo. App.
289. All concur.