## W. C. LINDSAY, Appellant, v. CONTINENTAL NATIONAL BANK OF ST. LOUIS, Garnishee of TUDOR F. BROOKS, Respondent.

### St. Louis Court of Appeals, January 2, 1900.

1. **Deposit in Bank: TRUST FUND: NOTICE TO BANK.** The deposit of money in a bank under the name of Tudor F. Brooks, agent, together with the fact that at and before the time said deposit was opened, the said Tudor F. Brooks notified the officers of the defendant bank, that the money deposited in that account would be funds belonging to persons other than himself, and in which he would have no personal interest, together with the form in which the account was opened, would be notice to the bank of the fact that said fund was a trust fund.

2. ———: ———: ———: **BURDEN OF PROOF.** And this state of facts threw the burden upon the plaintiff in the case at bar, of showing that the funds on hand at the time of the garnishment was the property of Tudor F. Brooks.

Appeal from the St. Louis City Circuit Court.—*Hon. Pembrook R. Flitcraft*, Judge.

AFFIRMED.

*W. C. & J. C. Jones* for appellant.

(1) The garnishee having treated the deposit as belonging to Brooks (and having paid it to him since the garnishment), can not set up an outstanding right in third persons who are not parties to this proceeding or claimants of the fund. This may be done by the attaching creditor of the true owner, or by the true owner himself, but not by the garnishee in the absence of any notice of claim and assertion of right by such true owner. Citizens Bank v. Alexander, 120 Pa. St. 476, 484; Bank v. Mason, 95 Pa. St. 113, follow-

ing and affirming Jackson v. Bank, 10 Pa. St. 62, which was
also followed and affirmed in McAllister v. Commonwealth,
30 Pa. St. 536; Patterson v. Bank, 130 Pa. St. 431; Bates v.
Stanton, 1 Duer. 85.    (2)   The fund was *prima facie* the
money of Brooks.   When the garnishment was served the
bank should have retained the fund and answered, setting
up the claim of third parties, if any, and calling on them to
assert their claim.   Having failed to do this, the fund is
conclusively presumed to be the money of Brooks.   Gregg
v. Bank, 80 Mo. 251; Proctor v. Greene, 14 R. I. 42; Boat-
man's Bank v. Overall, 16 Mo. App. 513; s. c., 90 Mo. 510;
Wimer v. Pritchett, 16 Mo. 252; Jackson v. Bank, 10 Pa.
St. 62; McAllister v. Commonwealth, 30 Pa. St. 536; Drake
on Attachment, sec. 491; 3 Am. and Eng. Ency. of Law
[new Ed.], page 831; Egbert v. Payne, 99 Pa. St. 239, 244;
Swarbout v. Bank, 5 Denio, 555.

*Seneca N. Taylor* and *Charles Erd* for garnishee.

(1)   Money deposited in a bank payable to the order of
B, agent, raises the *prima facie* presumption that the money
does not belong to B personally, but that he holds it for some
party or principal.   Gregg v. Bank, 80 Mo. 256; Jones v.
Bank, 42 Pa. St. 533; s. c., 44 Pa. St. 253; Bank v. Ryan,
64 Pa. St. 338; Bundy, Receiver, v. Town of Monticello, 84
Ind. 119; Pannell v. Hurley, 2 Collier's Reports, 241; Dailey
v. Finch, 7 Q. B. Law Reports, 34; Van Allen v. Bank, 52
N. Y. 1; Shaw v. Spencer, 100 Mass. 382; Bank v. Conn.
Mut. Life Ins. Co., 104 U. S. 54; Des Moines Cotton Mill
Co. v. Cooper, 93 Iowa 654; 1 Perry on Trusts [4 Ed.], sec.
86, p. 75.    (2)   2 Daniels on Neg. Ins. [3 Ed.], sec. 1612a,
reads:   "If a deposit be made in bank to the credit of a cer-
tain person as agent or trustee, the use of such terms has
charged the bank with notice that the funds were there in a
fiduciary relation; it would have no lien on them for the

private debts of the depositor, and if it permitted them to be used for his private purposes in transactions with the bank, it would be bound." Gregg v. Bank, 80 Mo. 252.

BIGGS, J.—The plaintiff Lindsay is the owner of a judgment against Tudor F. Brooks. An execution was issued on this judgment and the Continental Bank of St. Louis was summoned as garnishee. In the denial of the answer of the garnishee Lindsay averred that at the time of the service of the garnishment Brooks had on deposit in said Bank the sum of $874.22. This was denied by the bank in its reply. By consent of parties there was a reference in the case. On the trial before the referee, Lindsay introduced evidence tending to prove that at the time the garnishment was served the aforesaid sum was deposited with the garnishee to the credit of Tudor F. Brooks, agent. The evidence of the garnishee tended to prove that Brooks was engaged in selling merchandise on commission; that at the time he opened the account with the bank he informed its officers that he was bankrupt and had no money of his own; that the business he proposed to do with the bank would be as agent of various principals, and that the deposit account was opened with him as such agent. The bank introduced Brooks as a witness, who corroborated the testimony of the officers of the bank, and he further testified in a general way that all of the money then on deposit belonged to his principals, except $309, which belonged to his wife. He was unable to state to whom the balance of the money was due, or in what amounts, alleging as an excuse that his books had been burned, and therefore could not state the condition of his accounts with his various principals. He admitted that at times he drew checks on the bank account for his individual uses, but made good the deficits in a short time. Concerning the $309, alleged to be due his wife, he stated that it was derived from a legacy due her from a brother; that a sister of his had remitted the

amount in a draft drawn in favor of the witness, and that he had deposited the amount of the draft with the garnishee. Upon this testimony the referee found that $309 of the deposit belonged to Brooks, for which amount he recommended a judgment against the garnishee. As to the remainder of the fund, he found that it belonged exclusively to the principals of Brooks, and he recommended judgment against the plaintiff as to it. Both parties filed exceptions to the report of the referee, which the circuit court overruled, and entered judgment in accordance with the recommendation of the referee. The plaintiff appealed from the judgment of the court in refusing to award to him the entire fund, and the garnishee has prosecuted a writ of error from the judgment against it. By consent both causes have been consolidated and treated as cross appeals, and have been presented to this court under one record.

It was conceded at the hearing that none of the alleged principals of Brooks had prior to the garnishment or since made any claim or demand for the money in question. Counsel for Lindsay argue that in the absence of such demand or notification, it was not permissible for the bank to interpose the rights of the alleged owners of the fund in defense of the garnishment. Whatever may be the rule elsewhere, and whatever may be our individual opinions on the subject, the question has been otherwise determined both by the supreme court (McKittrick v. Clemens, 52 Mo. 163), and this court (Brown v. Gummersell, 30 Mo. App. 341). Therefore this point must be ruled adversely to Lindsay.

We extract the following from the report of the referee: "Under the evidence in this case, in my opinion, the deposit of the money under the name of Tudor F. Brooks, agent, together with the fact that at and before the time said deposit was opened, Tudor F. Brooks notified the officers of the defendant that the money deposited in that account would be funds belonging to persons other than himself, and in which

he would have no personal interest, together with the form in which the account was opened, would be notice to the bank of the fact that said fund was a trust fund. See Gregg v. Farmers & Merchants Bank, 80 Mo. 256.

"This, then, in my opinion, threw the burden upon the plaintiff in this case of showing that the funds on hand at the time of the garnishment was the property of Tudor F. Brooks."

This ruling of the referee was in my judgment erroneous. The facts stated furnished evidence only of notice to the bank that the money did not belong to Brooks. The conclusion of the referee, however, was justified by an expression in the opinion of the supreme court in Gregg v. Bank, *supra*, but the doctrine of that case is overthrown by the subsequent case of Eyerman v. Bank, 84 Mo. 408. In the Gregg case the execution was against the St. Louis, Hannibal and Keokuk Railroad Company. The money garnished was deposited in the bank to the credit of "W. W. Walker, supt." The bank admitted the deposit, but disclaimed knowledge of the true ownership of the money. Gregg averred in his reply that the money belonged to the defendant in the execution. On the trial Walker testified that he was the superintendent of the railroad company, and that the money belonged to his principal, and that he had no interest whatever in it. The plaintiff asked the court to instruct that if the jury found that the money belonged to the railroad company, and that Walker disavowed any claim to it, then it was the privilege of the garnishee to secure an order on Walker to appear and show cause why the money should not be applied to the satisfaction of plaintiff's execution, and in the absence of such an application the verdict should be for plaintiff. The court refused to give the instruction, and this ruling of the court presented the only question for review. The supreme court held that the instruction ought to have been given. The reasons assigned are entirely satisfactory. In the discussion, however,

Judge Henry remarked that "the manner in which the deposit was made, in this case, was notice to the bank, that the money was not the property of the depositor, but of another." This expression was not necessary to the decision, as the only question in the case had been disposed of on entirely different grounds. It will be observed that although the deposit was made in the name of Walker as superintendent, the jury were required to find from a consideration of all the evidence that the money did not in fact belong to him, but did belong to the defendant in the execution.

The Eyerman case originated in this court (13 Mo. App. 289), and its opinion was in all things affirmed by the supreme court. 84 Mo. 408, *supra.* This court held that money deposited in bank by a county treasurer raises no presumption that it belongs to the county; that the words "county treasurer" added to the depositor's name on his checks or pass book is not notice to any one that the depositor holds the funds as such treasurer, but on the contrary "the presumption as between the parties, is in favor of the personal ownership of the funds by the depositor, and if nothing more appears the bank must be guided in all its transactions by these presumptions." In conclusion the court said: "We think that while the *descriptio personae* was insufficient of itself to impart notice that the dividend draft represented a deposit of money belonging to the city and county, yet all the other facts, when considered in connection with it, made at least a showing proper to go to the jury, for their determination of the question, whether such motive reached the defendant, through its officers, at or before the cashing of the draft. The instruction given was therefore erroneous."

Under the foregong view of the law Lindsay made a *prima facie* case by showing that the money was on deposit in the defendant bank in the name of Brooks, "agent." Presumptively the money belonged to Brooks, and to escape liability under the garnishment it devolved on the bank to

show by evidence *aliunde* that the fund in fact belonged to third parties. Therefore it is clear to me that under the doctrine of the Eyerman case, which is the last decision of the supreme court on the question, the opinion of the referee, as to the burden of proof and as to the legal effect of the facts hypothetically stated by him, was erroneous, and consequently the order of the circuit court overruling the exceptions of Lindsay to this portion of the finding of the referee and the judgment of the court thereon, were likewise erroneous. The evidence in favor of the trust fund theory is not of such a character as to justify us in treating these erroneous rulings as harmless error. The testimony of Brooks as to the ownership of the money is by no means satisfactory. He professed to represent several wholesale dealers in the sale of goods, but he could not state to which company or companies the money belonged. The excuse that his books were burned, was not sufficient. The condition of his accounts with his various principals could have been readily obtained. He admitted that he had been in the habit of mixing his own money with the alleged trust money, and that, he would occasionally use a portion of the trust money for his individual uses. Under these admissions and the other circumstances the best evidence obtainable ought to have been produced to prove that at the time of the garnishment Brooks was actually indebted to his principals to the extent of the deposit. The foregoing are my individual views. My associates are of the opinion that the decision in the Gregg case is controlling, and that the rulings of the referee were right. Therefore the judgment as to this branch of the case should be affirmed.

The finding of the referee that that portion of the fund which was claimed by the bank to belong to Brooks' wife was in fact the property of Brooks, is justified by the evidence. The statement of Brooks was that this money was the proceeds of a draft sent to him by his sister who lived in Virginia;

that the draft was made payable to his order; that the money belonged to his wife, and came from the estate of a brother who died in Virginia. Whether it was the estate of his (Brooks') brother or his wife's brother, Brooks failed to state. Neither did he make any explanation of the unusual facts that the money was sent by his sister and that the draft was made payable to his order. Under this evidence the conclusion is justly warranted that Brooks was the real owner of the money. Hence we must approve of the finding of the referee as to this portion of the fund.

Under the views of my associates the judgment of the circuit court must in all things be affirmed. The costs will be taxed equally.

## SEPARATE OPINION.

BLAND, P. J.—I agree that the judgment should be affirmed, but I am unable to agree to the discussion in the opinion of Judge Biggs. I think the conclusion reached by the referee that the information given by Brooks, that his account was an agency one, and the fact that the account was kept by the bank as an agency account, was notice to the bank that the deposit was a trust fund and not the individual money of Brooks; nor do I think the ruling in Gregg v. Bank, is in the least shaken by the ruling in the case of Eyerman v. Bank, 84 Mo. 408. In its discussion of the case by the court of appeals (13 Mo. App. loc. cit. 291), the court went out of the record to remark, that the fact that Herman Rechtien, county treasurer, deposited money in the bank to the credit of "Herman Rechtien, county treasurer," was not notice to the bank that the money so deposited was county funds. This question was not in the case; but the question was whether the addition of the words "county treasurer" written in a draft after the name of the payee, was notice to a bank to whom the draft was presented for discount by the payee, that the draft was a trust fund. It was correctly ruled that it was

not; that the addition of the words "county treasurer" were but *descriptio personae.* This ruling is in accord with all the authorities, but is quite a different question from the one passed on in the Gregg case. In the latter, as in the case in hand, the question was between the bank as garnishee and the creditor of the depositor, who kept his account with the garnished bank in the name of Walker, superintendent. It was ruled by the supreme court that the fact that the deposit was made by Walker as superintendent, and not in his individual name, was notice to the bank that the deposit account was a trust fund. The Gregg case is supported by the following authorities: Duckett v. Bank, 39 L. R. A. 84, where it is held that a check stating that it is for deposit to the credit of a person named with the word "trustee" added to his name, is an explicit notification to the bank that he is not the actual owner of the money. The same ruling was made in Ihl v. Bank, 26 Mo. App. 129; and further that the bank would not be justifiable in paying out the money on a check signed by the individual name of the depositor, without the addition of the word trustee. Substantially the same ruling was made in Paul v. Draper, 73 Mo. App. 566 and 143 Mo. 652. In National Bank v. Insurance Company, 104 U. S. 54, it was held that a bank deposit designating "A. H. Dillon, Jr., Gen'l Agt. Cr.," was notice to the bank that the moneys deposited under this designation was a trust fund, and not the private moneys of Dillon, Jr. At page 832, 3 Am. and Eng. Ency. of Law, it is said a deposit to the credit of A. B. trustee, is notice to the bank that A. B. is not the actual owner. Morse on B. & B., sec. 604, says that "such additions are not of themselves sufficient to give notice, but that something else is required, as for instance, where the depositor keeps two accounts in the same bank, one in his individual name, and one as trustee." If it be conceded that this is the better rule, the evidence is not lacking in this case to notify the bank that Brooks' deposit account was of

trust funds, for he so declared it to be when he first opened the account, and informed the bank of the nature of his business and in what capacity he received moneys. At section 491a, Drake on Attachments, it is said: "Where money is deposited in a bank by one as agent, and the account is understood by the depositor and the bank to be an agency account, it may be attached as the money of the principal, but can no more be subjected by garnishment to the payment of the agent's debt, than any other money of his principal could be. And in such case the account itself is notice to the bank that the money is not the defendant's. Where the defendant mixes his own money in the agency account, of course it can be reached so long as it remains on deposit, by garnishing the bank." That is what was done in this case. The referee found what portion of the deposit account belonged to Brooks individually, and what part was trust funds. His report was approved by the court and judgment rendered against the garnishee for the amount found to be the money of Brooks. On cross appeal the garnished bank complains of this action of the court, and contends that the bank was bound to honor all checks drawn by Brooks, agent, so long as funds were on deposit to the credit of the agency account, and that having honored his checks to the exhaustion of the account, no judgment could be rendered against it as garnishee. As a general proposition the bank was bound to honor Brooks' checks when properly signed, so long as he had funds to his credit as agent. But when process of garnishment was served on the bank, it was notice to it that plaintiff would undertake to establish the fact that the account was not an agency one, but that the moneys deposited by Brooks to the credit of that account was the individual money of Brooks. In such circumstances the bank had the right to hold the funds, to abide the result of plaintiff's claim, and it seems to us that the exercise of ordinary business prudence would have induced the bank to have held on to the fund

Rechnitzer v. St. L. Candy Co.

until the issue of the true character of the account could be judicially settled. Payments made by it after service of the garnishment, were at its risk. It took the risk and paid out the moneys which had been attached in its hands as the moneys of Brooks, and which on trial were shown to be Brooks' moneys. The bank took the risk, and it must abide the consequences. Judge *Bond* concurs in the views herein expressed.