## COHEN vs. THE ST. LOUIS PERPETUAL INSURANCE COMPANY.

Money having been deposited with the Bank by the cashier of another Bank, who took certificates of deposit in his own name, and attachment suits being afterwards brought against such last named Bank, and the former garnisheed for the funds so deposited—at the same time the holders of the certificates of deposit institutes suit for the recovery of the money deposited : by defending the garnishment and calling upon the attaching creditors to shew to whom she should pay, the Bank does not become liable for interest on the deposit.

## APPEAL from St. Louis Court of Common Pleas.

HOLMES, *for Appellant.*

1. These certificates of deposit were in legal substance the same as due bills or promissory notes, payable to order one month and one day after date respectively, on which interest should be chargeable after due; and these deposites were therefore at the time of the garnishment a fund bearing interest.   R. S. 1845, sec. 1, p. 614;  (1835, p. 333.)

2. The words *"or return of this certificate,"* were not intended to determine the time when the certificates would become due; that was fixed by the words *"one day after date"* and *"one month after date;"* but merely as a cautionary provision that the certificates should be produced to be cancelled when the money should be paid, as when a note is paid; and they have no legal force whatever beyond what is by the law merchant, with regard to all instruments of the kind, implied without them.   St. Louis Perp. Ins. Co. vs. Cohen, 9 Mo. R., 444.

3. Whether or not these deposites were a fund bearing interest before the garnishment, the service of the process constituted a sufficient demand, by one in law entitled to the money, to make them fall due and become a fund bearing interest from that time, or at least after judgment obtained, whether the certificates were produced or not.   9 Mo. R., 444.

4. Independently of the question whether these deposits were a debt of itself, bearing interest from the time of this garnishment, the garnishee stood in the position of one withholding money to which another is lawfully entitled, for she might have paid the money into court and been discharged, and therefore she is chargeable with interest; and it is no answer to say that she withheld it for her own safety, or to take the opinion of the court for whatever the reason or motive, it is nevertheless an unlawful withholding of another's money.   10 Wend., 96; 3 Cowen, 436; 6 Hill, 271; Knight vs. Reese, 2 Dall., 182; Rev. Stat. 1845, p. 141, sec. 35-6-7.

5. Having denied her indebtedness, contested the right of the plaintiff, retained the fund, and mingled and used it with her own monies, thus exposing it to hazard while deriving profit from the employment of it, the garnishee is in law and justice accountable for interest.   Stevens vs. Gwathmey, 9 Mo. R., 636 ; Tazewell's ex'r vs. Barrett & Co., 4 Hen. & Mun., 265 ; Ex'rs of Hunter & Herndon vs. Spotswood, 1 Wash. Va. R., 145; Curd vs. Letcher, 3 J. J. Marsh. Rep., 443-5; Shackelford vs. Helm, 1 Dana, 338; Adams vs. Cordis, 8 Pick. R., 260-7; Cushing's Trustee Process, 111.

6. A garnishee is always chargeable with interest unless it appears that the fund was locked up in his hands so that he could not use it, or was surrendered, or set apart so that he did not use it; nor does interest depend on the *successful use,* but *merely* upon the *use* of the money.— Adams vs. Cordis, 8 Pick., 260; Cushing's Trustee Process, 111.

The counsel for the appellant do not consider that position of the agreed case in relation to the

*Cohen* vs. *The St. Louis Perpetual Insurance Company.*

New York judgment as having any bearing upon this case, and they do not understand for what purpose the counsel for the appellee desired to make it a part of the agreed case.

After the admission that this fund belonged to the Bank of Mineral Point, and was subject to the attachment, Jacob Little & Co. must stand in the position of one who has obtained notes by fraud or with notice of others' rights, and their judgment against the company must be considered a sort of piratical act of spoliation upon the property of the company, not touching this particular fund nor affecting the rights of this plaintiff in any manner.

If the company have suffered such a judgment to be obtained, and have seen fit to pay it on a bond of indemnity against these attachments in Missouri, they must look to their bond for redress.

CROCKETT & BRIGGS, *on the same side.*

1. That the garnishee having made profit out of the fund, pending the garnishment, she is liable for interest. Otherwise the garnishee will have profited by its own wrongful withholding for seven years of a large fund belonging to the creditors, during all which period the creditors are compelled to take the risk of the solvency of the garnishee. If the money had been paid into court, it would at all events have been safe, and the court might have caused it to have been loaned out, so as to bring interest.

2. To allow the garnishee to use the fund and yet to escape the payment of interest, is against the policy of the law. It affords a strong temptation to the garnishee to deny its indebtedness upon slight and frivolous pretexts, thus prolonging and encouraging litigation, and leading directly to perjuries and frauds.

3. The payment of the New York judgment upon a bond of indemnity affords no pretext for withholding the interest—that judgment was wrongful and erroneous as has been decided in this case. It would be unjust that the creditors here should be deprived of interest because of a wrongful attachment of the same fund by another. The same argument that excuses from the payment of interest on that ground, would equally apply to the principal. If the garnishee is held liable for the interest, she will receive it back from Little & Co., on the bond of indemnity. If she escapes the interest, the result will be that Little & Co., who wrongfully attached, will have used the fund without interest, whilst the attaching creditors here who were justly entitled to the fund, will loose the interest. So that in point of fact, it is a contest between the rightful and the wrongful attaching creditor.

GAMBLE & BATES, *for Appellee.*

This cause presents a decision of the Court of Common Pleas upon an agreed case, of which the two answers of the garnishee form a part, and the only question is whether or no interest was properly chargeable upon the amount of the certificate of deposite, the whole principal sum being paid out on judgments having prior liens on the fund.

We submit that interest was not chargeable, because—

1. It was a common case of deposite, evidenced by certicate, payable so many days after date, *on presentation of the certificate.* And so, as between the contracting parties, there could be no interest until demand and refusal.

2. The bringing of the suit by Cohen, againt the Bank of Mineral Point, and the summoning of the Perpetual Insurance Company as garnishee, is no such demand as to charge the garnishee with interest, for, on being summoned, the company could not lawfully have paid the money to the plaintiff, Cohen.

It was urged below that the garnishee might have paid the money to the sheriff, and so, dis-

charged himself. That, at most, was a privilege, not a duty. And if he had so paid it, the money would not have borne interest, in the sheriff's hands.

3. The demand made by the Littles and the refusal to pay them, cannot subject the company to pay interest to *this plaintiff*. For although the Littles held the certificates, they could not then be paid because *this plaintiff* and others had already attached the fund in the hands of the garnishee. Besides, the Littles have since recovered and actually received the amount.

4. And generally, the deposit was a fiduciary contract, on which interest cannot accrue until the depository is in default, by wrongfully withholding the money. There was no agreement for interest, and no unreasonable or vexatious delay, and no obligation to pay *this plaintiff* any thing until actual judgment.

In support of these points we rely upon the following citations: R. C., Tit. Interest; 3 Mo. R., 64; Scott & Rule vs. Hill & M'Gunnegle; (ib., 57) Robins vs. Lincoln county, 9 Mo. R., 642; Stevens vs. Gwaihmey.


McBRIDE, J., *delivered the opinion of the Court.*

Hyam H. Cohen having obtained judgment against the Mineral Point Bank, garnisheed the Perpetual Insurance Company of St. Louis. The company answered the interrogatories filed against her by Cohen, who replied, denying the truth of the answer, when the case was submitted to the court, upon an agreement of facts, who found for the defendant; the plaintiff moved for a new trial, which the court refused to grant him, whereupon he appealed to this Court.

The following is the agreed case submitted by the parties to the Court of Common Pleas:

"It is agreed by the parties aforesaid, that before the time of the service of the garnishment in this case, S. B. Knapp, cashier of the Mineral Point Bank, had deposited with the said garnishee $9,200, of notes of Kentucky banks, for which amount certificates of deposit were issued by said garnishee, payable to the order of said Knapp, cashier, which bank notes were of the value of $8,684. At the time said garnishee was summoned in this cause, the said sum so deposited remained in the hands of the garnishee and belonged to the Mineral Point Bank, and was subject to attachment by its creditors. But that before the service of the garnishment in this cause, the said garnishee had been summoned upon other prior attachments issuing from this Court and the St. Louis Circuit Court, in which judgments have since been rendered against said garnishee to the full amount of the principal sum deposited as aforesaid, which judgments have been satisfied out of the principal sum aforesaid, and there is no fund now in the hands of said garnishee applicable to this attachment, unless the said garnishee is liable for interest on the said principal sum. It is further admitted that the said garnishee

did not pay the said fund into court, nor deposit the same in any manner subject to the order of the court, nor pay the same to the sheriff, nor did the said garnishee set apart the said fund from its other monies and hold the same without using it subject to the said attachments, but pending the said attachments continued to use the said funds in the same manner as its other monies. It is admitted that the holders of said certificates of deposit, claiming the same as their property, who were Jacob Little & Co. of New York, on the 17th November, 1841, presented to said garnishee the said certificates of deposit and demanded payment thereof, which was refused on account of this and other attachments then pending; and that said holders soon afterwards sued said garnishee in the State of New York on said certificates of deposit, and attached the funds of said garnishee in said suit to the amount of the whole of said certificates of deposit, and said garnishee was obliged to defend, and did defend, the said suit, but the said Little & Co. recovered a judgment in the Supreme Court of New York for the full amount of said certificates, on the 23d May, 1844. The said Little & Co. gave to said garnishee a bond with security to indemnify said garnishee against the attachment suits in Missouri, and since said garnishee has paid the judgment recovered against it in this Court and in the St. Louis Circuit Court, the said Little & Co. have refused to repay the amount to the said garnishee, so that the said garnishee is actually out of the possession of money to double the amount of said certificates of deposit, and whether it will ever get the amount of its payments here, back from Little & Co., is to be determined by the result of a suit in New York, on their bond. The answer and supplemental answer of the garnishee in this case are made part of this agreement. It is admitted that in this cause an issue was made upon the answer of the garnishee as to whether said fund was liable to attachment by the creditors of said bank—that said issue was submitted to a jury who found a verdict for the plaintiff—that said garnishee then moved for a new trial which was overruled—that said garnishee then took a bill of exceptions and appealed to the Supreme Court of this State, by which Court the judgment was reversed and the cause remanded for a new trial. If upon this state of facts the court shall be of opinion that the said garnishee is chargeable with interest on said fund, then judgment shall be rendered in favor of said plaintiff for the amount of his judgment against the said Bank and interest and costs, if the amount of interest is sufficient for that purpose. But if the court shall be of opinion that the said garnishee *is* not chargeable with interest on said

fund, then judgment shall be rendered for the said garnishee, saving to each of the parties the right of appeal."

The answers of the garnishee, referred to in the agreed case, and made a part thereof, present no additional facts important in the decision of the question presented for our consideration.

Is the garnishee properly chargeable with interest on the deposits during the pendency of the attachment suit against her by the creditors of the Mineral Point Bank? The case agreed does not state whether, the deposite, or any part thereof, was at interest, and if so, when the interest commenced running, and the rate of interest to be paid. We suppose however, that the deposite was of the ordinary character and did not draw interest until demand made and a refusal to pay. The demand in this case would be the service of the garnishment, provided judgment had been previously obtained against the bank, or perhaps more properly at the return term of the process against the garnishee, as she would not be able to answer or pay over the funds in her hands at an earlier period, if payment could then be made with safety to her own interest. Then, up to that period, the garnishee is certainly not liable for interest, as she was not chargeable with wrongfully withholding payment. Did her subsequent conduct operate an unnecessary delay of payment and subject her to interest on the deposite? The facts show, that Knapp, the cashier of the Mineral Point Bank, made the deposite in his own name and took several certificates therefor, payable at a future day upon their presentation to the defendant, which passed into the eastern firm of Little & Co. That prior to their presentation a number of attachment suits had been instituted in the courts of St. Louis against the Mineral Point Bank, by her creditors, and the funds deposited by Knapp with the defendant had been attached to satisfy the demands. After the service of the garnishment on the defendant, the Little's, holders of the certificates of deposit, presented them to the defendant and demanded their payment, but the defendant refused to pay in consequence of the proceedings instituted against her in St. Louis. The defendant afterwards answered the interrogatories filed against her in the courts of St. Louis, denying her indebtedness to the Bank of Mineral Point, but setting out the transaction between her and Knapp, the cashier, and stating the transfer of her certificates by Knapp to Little & Co., the demand made by them for payment of the same, her refusal to pay in consequence of the proceedings in the courts of St. Louis against her by the creditors of the bank, and desires the court to decide to whom she was liable; and in her supplemental answer she states that Little & Co.

had since the filing of her former answer, instituted proceedings against her by attachment in the courts of New York and attached her property in that State, and had prosecuted the same to final judgment against her. She therefore called upon the court to protect her from being compelled again to pay the same. From the foregoing summary of the facts, it is manifest that the garnishee was impelled in her defence, not by a desire to avoid paying to the rightful party the amount of the deposite, for she admitted her liability therefor, but because of the uncertainty as to who was legally entitled to receive payment; which uncertainty was brought about by the acts of the creditors of the bank, coupled with those of the cashier. And she has found that her doubts were not wholly groundless, as judgments have been obtained against her for the entire amount of the deposite, both in the courts of New York and of this State. Whilst therefore, the defendant has been driven to contest the claim of the creditors of the Mineral Point Bank, in the courts of this State and of New York, and run the hazard of ultimately paying double the amount of the deposit, that she might be safe in paying out money deposited with her, it would be a harsh rule to hold that she has been guilty of an unreasonable and vexatious delay of payment, and subject her to further burden of paying interest thereon. Under the circumstances in which she found herself involved, we cannot see how she could have done less, regardful of her own interest. Therefore, we are of opinion that the court below committed no error, and the other Judges concurring, the judgment is affirmed.