John R. Davis Lumber Company, Respondent, vs. The First National Bank of Milwaukee, Garnishee, Appellant.

*March 20 — April 10, 1894.*

*Garnishment: Interpleader: Amendment of answer.*

1. Under sec. 2767, R. S. (providing that when the answer of the garnishee shall disclose that any other person than the defendant "claims" the indebtedness or property in his hands the court may order such claimant to be interpleaded as a defendant), an answer stating that the money in the garnishee's hands "is the property and belongs to" persons other than the defendant does not make a case for interpleader.

2. It was not an abuse of discretion for the circuit court to refuse to allow a garnishee's answer to be amended by alleging that the property was owned by persons other than the defendant, where the preponderance of evidence in the affidavits used on the motion was against such ownership, and the garnishee had all his information in respect thereto before the action was tried in justice's court.

APPEAL from the Superior Court of *Milwaukee* County. This is an action in garnishment. It was commenced in August, 1891, in justice's court. It was tried in justice's court, then appealed to the superior court of Milwaukee county, and tried in that court; then appealed to this court, and sent back for a new trial. Afterwards, the garnishee moved for leave to amend its answer so as to set up that the money in the garnishee's hands " is the property and

belongs to Mrs. Ellen O'Brien and A. E. Dixon, and was the property of said persons at the time of the commencement of the garnishee action herein; that the residence and address of said A. E. Dixon are Ashland, Wisconsin, but that the residence and address of said Mrs. O'Brien are unknown to this garnishee. Wherefore, said garnishee prays that A. E. Dixon and Mrs. Ellen O'Brien be brought into this action as claimants." The motion was brought on to be heard by an order to show cause " why said garnishee should not have leave to serve and file the amendment to the garnishee answer, . . . . and why an order interpleading Mrs. Ellen O'Brien and A. E. Dixon herein should not be made." The motion was denied, and the garnishee appeals.

For the appellant the cause was submitted on the brief of *Miller, Noyes & Miller.*

*Adolph Huebschmann,* for the respondent.

NEWMAN, J. The proposed amended answer, with the affidavits used on the motion, fail to make a case for interpleading Dixon and Mrs. O'Brien, because they fail to show that the parties named, or either of them, claim the money garnished. The statute permitting parties claiming moneys in the hands of a garnishee to be interpleaded is sec. 2767, R. S. It is as follows: " When the answer of the garnishee shall disclose that any other person than the defendant claims the indebtedness or property in his hands, and the name and residence of such claimant, the court may, on motion, order such claimant to be interpleaded as a defendant to the garnishee action." No doubt the word " claims," in this statute, has its ordinary meaning and force. It is the active transitive verb, and has the force of " asks for," or " demands as his due," and is not equivalent to the phrase " has a right to," or " owns." The statute which gives this remedy must be followed with sub-

John R. Davis Lumber Co. vs. The First National Bank of Milwaukee.

stantial strictness, or the party will fail of his remedy. The person who may be interpleaded is one who claims the debt or money. It is plain that the garnishee has failed to disclose, in his proposed amended answer, that either Dixon or Mrs. O'Brien has claimed this money. All that is disclosed is that they " own " or have a " claim " which they could make for the money. If they do not in fact make claim to the money, they are not such parties as the statute permits to be interpleaded in the action.

If Dixon and Mrs. O'Brien, or either of them, did in fact own the garnished money at the time of the commencement of the garnishee action, and still own it, that fact would be a complete defense to the garnishee against the action of the plaintiff. It is not liable to garnishment at suit of the plaintiff if they own it. Such alleged ownership was attempted to be shown upon the motion by affidavits stating it only on information and belief, while, in resistance of the motion, facts are stated which tend to show that they are not the owners. The preponderance of the evidence is certainly against their ownership. The fact that they have not claimed it within the long time which has elapsed discredits it. Besides, the garnishee had all the information which it now claims, of the rights of Dixon and Mrs. O'Brien, before the action was tried in justice's court. It should have made its application to amend so as to set up their title before the action was tried in that court. This was so held by this court on the former appeal. 84 Wis. 1. It is reasonable to require some fair degree of diligence in making application for such relief. It was no abuse of discretion to deny the motion.

*By the Court.*— The order of the superior court of Milwaukee county is affirmed.