THE ROCK ISLAND LUMBER AND MANUFACTURING COMPANY v. THE FOURTH NATIONAL BANK OF WICHITA, KANSAS, *et al.*

No. 12,519. (66 Pac. 1024.)

SYLLABUS BY THE COURT.

1. GARNISHMENT—*Duty of Garnishee in Answering.* It is the duty of one summoned in garnishment, holding property in the name of the defendant debtor, but having notice of the claim of a third party to the same, to disclose, by its answer, the name and post-office address of such claimant, the fact that such claim is made, and the nature of such claim so far as known to the garnishee, in order that such claimant may be interpleaded and the garnishee be relieved from liability by delivery of the property to the officers of the court, as provided by statute.

2. —————— *Bank as Garnishee— Third Party Claimant—Bank Estopped.* When a bank, summoned as garnishee, has money deposited by the defendant debtor, and has notice of the claim of third party thereto, and files its answer denying all liability as garnishee, without making disclosure of the facts, and the plaintiff elects to take issue on such answer, the bank, if it be disclosed upon the trial that it had such money on deposit at the time of the service of the summons in garnishment, will not be permitted to defend or escape liability upon the ground that some third party is entitled to the property; nor will a judgment of liability to plaintiff in the garnishment proceeding, and satisfaction thereof, afford the garnishee protection from the demand of a known claimant to the fund.

3. —————— *When Judgment against Garnishee is a Release.* A judgment against a garnishee, and satisfaction thereof, will afford the garnishee full protection against all third parties claiming the fund in the hands of the garnishee at the time of the service of summons in garnishment, of whose claim the garnishee had no knowledge, and will also afford protection against all third parties, who, knowing the property claimed by them has been arrested in the hands of the garnishee, fail to assert their rights thereto by interpleading in the garnishment proceedings.

Error from Harvey district court; M. P. SIMPSON, judge. Opinion filed December 7, 1901. Division two. Reversed.

*Amidon & Conly*, for plaintiff in error.

*Smyth & Helm*, and *Sankey & Campbell*, for defendants in error.

The opinion of the court was delivered by

POLLOCK, J. :  Plaintiff in error, a judgment creditor of defendant in error S. E. Jocelyn, in the sum of $973 and interest thereon, and $111.97, costs of action, garnished defendant in error the Fourth National Bank of Wichita, Kansas.   The bank filed the statutory affidavit, denying all liability as garnishee. Plaintiff gave notice of its election to take issue on this answer of the garnishee.   Thereafter, the city of Wichita gave notice of its intention to interplead in the garnishment proceeding, and filed its interplea, alleging that the garnishee was the depository of the funds of the city ; that, at the date of the service of the garnishment summons, Jocelyn was the president of the police board of the city ; that Jocelyn, as president of the police board, had money on deposit in the bank ; that the money on deposit was the property of the city and not the property of Jocelyn ; and demanded that the garnishment proceedings be dismissed, and the garnishee ordered to pay over to the city treasurer the funds so deposited.   To this claim the bank answered, admitting money on hand at the time the summons in garnishment was served, deposited by Jocelyn, specifying no amount ; alleging the same to have been deposited by Jocelyn, acting on behalf of the police board of the city, and in his name as president of the police board ; neither admitting nor denying the funds so deposited to be the property of the city, but asking that proof of such fact be made by the city, that it might be protected.   Plaintiff filed

49—63 KAN.

its answer to the city's claim denying the fund deposited by Jocelyn to be the property of the city; also, specifically setting forth the source from which, it alleged, Jocelyn procured the money so deposited. This portion of the answer, however, was stricken out, upon motion.

At the trial the cashier produced the books of the bank, showing that on the day of the service of summons in garnishment there was on deposit therein the sum of $1286.81 to the credit of "Jocelyn, S. E., Tr."; that the account had been running from the 16th day of February; that the money had been deposited by Jocelyn in the name of "Jocelyn, S. E., Pt. P. Board," which was interpreted to mean, "S. E. Jocelyn, president police board." The trial resulted in a judgment in favor of the garnishee against plaintiff for costs, as between the plaintiff and garnishee, and against the city for all costs made by it after the filing of the interplea. Plaintiff below brings error.

Section 200*e* of the code (Gen. Stat. 1901, § 4639) provides:

"Unless the garnishee shall make the affidavit provided for in section 5 (the affidavit filed by the garnishee in this case), . . . he shall, within twenty days from the service of the garnishee summons, file an affidavit in which he shall state . . .

"*Fifth*, If he shall disclose any indebtedness or the possession of any property to which the defendant and other person as well makes claim, he may set forth the names and residences of such other claimants, and, so far as known, the nature of their claims."

The bank had on deposit on the date of the service of the summons in garnishment the sum of $1286.81, deposited therein by Jocelyn; hence, it was its duty to make disclosure of this fact. Also, if it had notice, from the manner in which the deposit was made, or

from any other source, that any third person claimed the funds so deposited, or any part thereof, then it was obligatory upon the bank to disclose the name and address of such claimant, and, so far as known, the nature of such claim.   Upon such answer of disclosure being made by the garnishee, section 200*l* of the code (Gen. Stat. 1901, § 4646) provides:

"When the answer of the garnishee shall disclose that any other person than the defendant claims the indebtedness or property in his hands, and the name and residence of such claimant, the court may, on motion, order that such claimant be interpleaded as defendant to the garnishee action; and that notice thereof, setting forth the facts, with a copy of such order, in such form as the court shall direct, be served upon him; and that after such service shall have been made, the garnishee may pay or deliver to the officer or the clerk such indebtedness or property, and have a receipt therefor, which shall be a complete discharge from all liability to any party for the amount so paid or property so delivered."

The above provisions are not alone for the information of the plaintiff but for the benefit and protection of the garnishee as well, and it was incumbent upon the bank to comply with the terms and conditions of the statute by its answer, that it might relieve itself from liability to the plaintiff, or to third parties, to its knowledge making claim to the fund, by having the latter interpleaded that they might assert their claims, and that payment of the fund into court might relieve the garnishee from liability. (*John R. Davis Lumber Co. v. The First National Bank of Milwaukee*, 87 Wis. 435, 58 N. W. 743.)   The bank, however, by its answer, made no disclosure either of liability to the defendant or to the defendant and third parties, but assumed the responsibility of being held liable to respond to the plaintiff in the garnishment proceedings with-

out protection from the claim of any third party, of which claim it had knowledge, in the event the trial upon the issue joined should disclose any liability to defendant. (*Muse, Spivey & Co. v. Lehman*, 30 Kan. 514, 1 Pac. 804; *Daggett v. Flanagan et al.*, 78 Ind. 253; *Leahey v. Dugdale's Adm'r*, 41 Mo. 517; *Woodlawn v. Purvis*, 108 Ala. 511, 18 South. 530.)

The city of Wichita, on its own motion, came in, and by interpleader claimed the fund. This claim was denied, and the judgment against it is final and conclusive as to all parties. The bank has the fund. It received it from the defendant debtor. This fund was on deposit at the date of the service of the garnishment summons. By the receipt and deposit of this money, the relation of debtor and creditor was established between the bank and Jocelyn, notwithstanding the method of making the deposit and the name employed for that purpose. That this relation continued and the bank remained liable to Jocelyn, or his creditor in garnishment, until it had notice of the claim of some third party, and that it cannot claim the fund itself, or withhold it from the plaintiff in this garnishment proceeding, without answer asserting a prior right in itself, or making disclosure of some claimant to the fund, and the nature of such claim, is well settled. Mr. Shinn, in his work on Attachment, volume 2, section 580, says:

"Although money be deposited in the name of one as agent or any other fiduciary capacity named, such designation will be considered to be only *descriptio personæ* when no other person is known to be the real owner and no claim is made to the account by any one other than the depositor." (*Ingersoll v. First etc. Bank*, 10 Minn. 396, [Gil. 315]; *Cohen v. St. Louis Perpetual Ins. Co.*, 11 Mo. 374; *Gregg v. Farmers & Merchants' Bank*, 80 Mo. 251; *Simmons v. Almy*, 100 Mass. 239.)

Counsel for the bank cite and rely upon the case of *Morrill & Janes v. Raymond*, 28 Kan. 416, 12 Am. Rep. 167.   That case did not arise under our present garnishment law, and in that case both the plaintiff and the garnishee knew that the fund garnished as the property of Orth was not his property, but was the property of I. N. Speer & Co., and the garnishee in that proceeding so answered.   That case has no application to the facts in the case at bar.

The only other possible claimant to the fund suggested by the record is the police board of the city of Wichita.   As to this board, it is sufficient to say that the answer of the garnishee made no disclosure as to any claim made by the board to the fund.   The defendant Jocelyn was president of this board; he knew of the pendency of the garnishment proceedings.   Yet the board did not assert any claim to the fund, file any interplea, or attempt to make any showing why the garnishee should not be held liable. Nor did the defendant debtor interpose any defense to the liability of the garnishee, although, under the provisions of the statute, he might have made any defense to the liability of the garnishee which the garnishee might have interposed in its behalf.   In this state of the record, it is well settled that a judgment maintaining the garnishee liable to the plaintiff, and a compliance therewith by payment, would afford the garnishee ample protection from any claim the board might make.   (*Randall v. Way*, 111 Mass. 506; *Dodd v. Brott*, 1 Minn. 270 [Gil. 205], 66 Am. Dec. 541.

Again, it is not apparent that any authority existed in the police board of the city to become the collector, depositor or custodian of any public funds, or that the board, as a body, had authority to engage in any private business involving monetary transactions.

Upon the undisputed facts in the record, we perceive no reason why a judgment maintaining the garnishee liable in this proceeding, and the payment and satisfaction thereof by the garnishee, will not afford ample protection from the claims of all parties to the record and third parties. This is all the garnishee can demand. But in the event that such judgment, and satisfaction thereof, might, for any reason, fail to afford full and complete protection to the garnishee, the burden must rest with the garnishee. The failure of such judgment to afford protection could be predicated upon no other ground than that the garnishee, knowing of a third party claimant to the fund, elected neither to disclose such fact in its answer as garnishee, nor to make proof of the fact in support of such disclosure on the trial, but submitted itself to the jurisdiction of the court, content to rest its rights upon its affidavit denying all liability as garnishee, and thus assuming for itself to decide the ownership of the fund in controversy.

It follows that the judgment discharging the garnishee from liability to the plaintiff must be reversed, and the case remanded for further proceedings in accordance with this opinion.

CUNNINGHAM, POLLOCK, JJ., concurring.