THE CITY OF WICHITA *et al.* v. THE ROCK ISLAND
LUMBER AND MANUFACTURING COMPANY *et al.*

No. 13,462.   (75 Pac. 463.)

SYLLABUS BY THE COURT.

GARNISHMENT — *Res Judicata.*  The question of the ownership of a
fund garnished, having been once litigated and determined against
an interpleading claimant, is *res judicata* as to those who took
part in the adjudication, and it cannot be reopened and retried at
the instance of a garnishee who asserts that the fund in hand be-
longs to such interpleading claimant.

Error from Harvey district court; M. P. SIMPSON,
judge.  Opinion filed February 6, 1904.  Affirmed.

*A. E. Helm,* and *Earl Blake,* for plaintiffs in error.

*S. B. Amidon,* for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: This action has been considered
by this court once before (63 Kan. 768, 66 Pac. 1024),
and, in addition to the facts in the former decision,
only such will herein be noted as are necessary to
a full understanding of the questions now raised.

The order of this court in the former case was that the judgment which the lower court had rendered, discharging the bank as garnishee, be reversed and further proceedings had in and about that matter. It must be borne in mind that the judgment of the lower court had been against the city's right to recover upon its interplea. To reverse this judgment no action was taken, and it remained unaffected by the former judgment of this court. The case having been returned to be considered upon the issue between the lumber company and the bank, there was tendered an amended answer on behalf of the bank and also one on behalf of the city, with motions that the same be allowed to be filed. These motions were denied by the court, and that action is now relied on as ground of error.

George K. Spencer and J. M. Furnish, who, with S. E. Jocelyn, constituted the board of police commissioners at the time the money garnished came to the hands of Jocelyn, interpleaded and were permitted to file an answer in their own behalf. Upon the trial the court held the bank liable as garnishee and directed the application of the funds in its hands to the payment of the claim which the lumber company had against Jocelyn. Spencer and Furnish are here alleging this as a ground of error in their own behalf. So far as they are concerned their answer discloses no right in themselves, either as a board or as individuals, to the fund in question. The answer discloses the fact that the board had been dissolved, and was no longer in existence; so if it ever had any right to the fund in question it certainly did not at the time of the filing of their answer. So far as they are concerned, we need spend no time upon the question of the correctness of the court's ruling against them.

We will pass, then, to a discussion of the claimed error on behalf of the bank and of the city.

These questions are necessarily much intermingled, and we find it best to discuss them together. Upon the first trial the issues were formed as between the lumber company, the bank and the city in the following manner : The bank had filed a general denial—that is, it denied having any funds whatever belonging to S. E. Jocelyn. Upon this question the lumber company took issue. When the investigation of this issue had progressed far enough to show that the bank had funds on deposit belonging to S. E. Jocelyn the city interpleaded, claiming that these funds had been collected by the board of police commissioners, of which board Jocelyn was president, and that the same were deposited by him as president, and "were and are funds belonging to the city of Wichita," being in the hands of Jocelyn only in course of transmission to the city treasurer. To this interplea the lumber company replied, admitting that Jocelyn had deposited the funds, but denying that they belonged to the city, denying that they were collected as fines for the violation of any ordinance of the city or as license fees collected under any ordinance of the city, and averring that they were moneys belonging to Jocelyn and subject to garnishment. After the filing of this interplea and answer the bank replied, neither admitting nor denying that the funds on deposit belonged to the city of Wichita, but requesting that the city be required to make strict proof of the fact in order that the bank might be amply protected in the matter. It was upon these issues that the former judgment of the court was entered by which it was found that the city was not entitled to the funds, and upon which judgment was entered in favor of the bank for its costs.

The amended answer which the bank tendered denied its liability as garnishee for the reason that the funds in hand were deposited by Jocelyn as president of the police board, and had been subject to his check; that they belonged to the board of police commissioners while it was in existence; that after the former judgment in this case it had paid over those funds to the city of Wichita, as the successor in office and interest of the board of police commissioners, said board having been abolished, and that the city of Wichita now claimed the rightful ownership of the same. The answer tendered by the interplea of the city of Wichita repeated these allegations and was substantially what had been contained in its former interplea, with the addition that the board of police commissioners had been abolished, and that it, as successor to that board, was entitled to the funds, and had received them from the bank.

It further appears that the board had been abolished for a considerable time prior to the former trial, and that whatever rights that fact might have conferred upon the city existed, and might have been pleaded and relied upon, at the time of the former hearing. The substantial question then is, whether the issues presented under the answers tendered by the bank and the city were substantially different from those already passed upon and adjudicated against the city.

Under our present procedure in garnishment a judgment rendered is of the same nature, governed by the same rules and as binding upon the parties thereto as a judgment rendered in a more formal proceeding. (*Harwi v. Klippert,* 67 Kan. 743, 74 Pac. 254.)

We are of the opinion that the answers tendered

raised no different question, as between the city and the lumber company, than had already been presented and decided by the court.   Under the former answers the city was insisting that the funds in question rightfully came into the hands of the police board through its president, Jocelyn, and that the board was but the agent of the city in such collection, and was holding the funds for it while they were in transmission to its treasurer; in short, that the funds belonged to the city.   On the other hand, the lumber company was insisting that the police board had no authority whatever to collect any funds, much less any authority to collect the funds in question; that they were not collected in behalf of the city, but came to the hands of Jocelyn, whether acting as a member of the police board or otherwise, in such a manner and from such a source as in law to make them his individual funds, and not those of the city, and that as such they were liable to garnishment.   This issue, thus presented, was decided against the city, which judgment remains unreversed and unappealed from.   Had the police board then been in being it would have cut no figure in the issue.   That the funds had subsequently been paid over by the bank to the city, in despite of the judgment of the court against the rights of the city, would be equally ineffectual to confer any rights upon the city.   The tendered interplea of the bank was nothing more than an iteration of the claim of the city, and necessarily the bank could not be permitted to litigate for the city a claim which had already been decided against the city upon its own plea.

No issue of merit was tendered by the amended answers sought to be filed beyond what had already been tried, and we are of the opinion that the court

29—68 KAN.

below did not err in its refusal to permit them to be filed.

In view of the fact that we find no authority for the police board during its existence to make the collection of the money in question, we are not disposed to take issue with the intimation found in the former opinion of this court that neither the city nor the bank had any right to the funds in question as against Jocelyn or his garnishing creditor, and find nothing in the case of *The State v. Patterson*, 66 Kan. 447, 71 Pac. 860, in opposition to this view. So, from any standpoint, we conclude that the court below committed no error.

The judgment is affirmed.

All the Justices concurring.