No. 19,175.

THE ATCHISON, TOPEKA & SANTA FE RAILWAY COM-
PANY, *Appellee,* V. EARL T. BOWMAN (JOHN S. SUR-
BER, Garnishee, *Appellant*).

No. 19,176.

FRANK ROCKEFELLER, *Appellee,* V. EARL T. BOWMAN
(JOHN S. SURBER, Garnishee, *Appellant*).

SYLLABUS BY THE COURT.

1. GARNISHMENT—*Duty of Garnishee in Answering.* Rule an-
nounced in *Lumber Co. v. Bank,* 63 Kan. 768, 66 Pac. 1024,
relating to duty of garnishee, followed.

2. JUDGMENT—*Sustained by Competent Evidence.* Rule that a
judgment just in itself and supported by competent testimony
will not be disturbed, followed.

3. GARNISHMENT—*Money Deposited to Indemnify Bondsman—
When Subject to Garnishment.* Where a person arrested for a
felony deposited $1000 to indemnify a bondsman, upon con-
dition that if defendant appeared for trial $600 of the deposit
should be applied to the satisfaction of a debt due from the
pledgor to pledgee and the remaining $400 should be subject
to the order of the pledgor, but upon the institution of garnish-
ment proceedings the bondsman surrendered the pledgor to the
public authorities and appropriated $600 of the money to his
own use, *Held,* that this constituted a breach of the conditions
of the deposit, and at least $400 of the money in the bonds-
man's hands became subject to the garnishment proceedings,
especially when the garnishee filed only the nonliability affi-
davit prescribed by section 233 of the civil code.

4. SAME. In the case just mentioned the garnishee should have
made the affidavit prescribed by section 234 of the civil code
setting forth the claim of any third party to the funds in his
hands.

Appeal from Barber district court; PRESTON B. GIL-
LETT, judge. Opinion filed April 10, 1915. Affirmed.

*Samuel Griffin,* of Medicine Lodge, for the appellant.

*A. L. Noble,* of Winfield, and *J. N. Tincher,* of Medi-
cine Lodge, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This is a consolidation of two appeals from judgments in favor of the Santa Fe Railway and Frank Rockefeller against Earl T. Bowman for the value of certain cattle alleged to have been stolen from the plaintiffs. Funds in the hands of one John S. Surber were garnisheed, and by order of court divided between the Santa Fe and Rockefeller, their suits having been filed simultaneously.

Surber signed the bond of Bowman for his appearance to answer to a charge of cattle-stealing; and to secure him, Bowman placed $1000 in Surber's hands upon condition that if Bowman failed to appear for trial, Surber should use the funds to indemnify himself; but if Bowman should appear and his bond be discharged, Surber was authorized to apply $600 of the money to the satisfaction of a preëxisting debt owed by Bowman to Surber, and the remaining $400 was to be subject to Bowman's order. This arrangement was made on December 29, 1912.

On the same day Bowman gave Dave Freemyer, a banker, an order on Surber for the $400 subject to the conditions explained above. Surber had a safety deposit box in Freemyer's bank to which Freemyer had access. On January 17, 1913, a lawyer called up Freemyer by telephone and inquired where this $1000 was. This suggested to Freemyer that garnishment proceedings would be taken to seize the money, so he went immediately to Surber's safety deposit box and abstracted $400, depositing in its stead the order of Bowman in his own behalf. Next day Freemyer's bank and Surber were garnisheed.

Surber filed the nonliability affidavit prescribed by section 233 of the civil code, to which plaintiffs took issue. From the judgment for plaintiffs, Surber, garnishee, assigns error upon the ground that the entire sum in his hands had passed beyond the control and

ownership of Bowman at the time the garnishee summons was served upon him; and in support of this contention he cites 20 Cyc. 1011, *Lumber Co. v. Trust Co.*, 54 Kan. 124, 37 Pac. 983, and Drake on Attachment, 7th ed., § 454*b*. These authorities, so far as pertinent, merely state the familiar rule that a creditor acquires no greater right against a garnishee than the debtor himself could claim.

There was evidence which tended to show that Bowman and Freemyer were in collusion to defeat the garnisheeing creditors. As we have only a general judgment to review, we may infer that this was a controlling factor in the district court's decision. We could not disturb a judgment founded thereon. Moreover, it can not be said that Surber's nonliability affidavit was entirely candid. We think good faith toward the court and neutrality between the litigants required him to set forth specifically his relation to the money in his hands, particularly so far as concerned the $400. (Civ. Code, § 234; *Lumber Co. v. Bank,* 63 Kan. 768, 66 Pac. 1024.) As soon as the garnishment process was served upon Surber, he surrendered Bowman to the authorities, thus making a breach of the conditions under which Bowman placed the money in his hands. When that happened, the $400, if not the entire $1000, became again the unqualified property of Bowman, subject only to the garnishment proceedings.

The judgment is affirmed.