No. 21,785.

THE FIRST NATIONAL BANK OF BELOIT, *Appellant*, v. JESSE F. MATHES, and JOSEPH W. FRANZMATHES, Garnishee, *Appellees*.

SYLLABUS BY THE COURT.

1. GARNISHMENT—*Affidavit of Nonliability—Evidence—Garnishee Discharged*. A garnishee filed an affidavit of nonliability to the defendant under section 233 of the civil code, and upon issue joined by the plaintiff, the answer of the garnishee was upheld and he was discharged, *Held*, that the evidence in the case is sufficient to sustain the order,

2. SAME—*Affidavit of Nonliability—Issues Fairly Joined*. The fact that the court proceeded to the trial of the issue joined, without requiring the garnishee to file an answering affidavit as provided in section 234 óf the civil code, was not error.

Appeal from Mitchell district court; RICHARD M. PICKLER, judge.. Opinion filed December 7, 1918. Affirmed.

*Frank A. Lutz*, and *Amzie E. Jordan*, both of Beloit, for the appellant.

*R. M. Anderson*, of Beloit, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.:  This is a proceeding to review an order discharging a garnishee.

In an action brought by the plaintiff against Jesse F. Mathes, a judgment for $778.16 was rendered.  At the instance of plaintiff a summons in garnishment was served upon Joseph W. Franzmathes, who filed an affidavit in due time stating that he was not indebted to the defendant, and upon this affidavit issue was joined by the plaintiff.  At the end of a trial which involved the question whether an automobile purchased by the garnishee and for which he had given his note had been the property of the defendant or of his brother, Frank Mathes, the garnishee was discharged.  It was conceded that Jesse F. Mathes negotiated the sale of the car, but whether he sold it as his own or as a representative of his brother, to whom the note was given, was determined against the contentions of the plaintiff.  There was abundant evidence tending to show that Frank Mathes owned the car sold to the garnishee, that his brother Jesse simply acted as his agent in making the sale, and that the note given to Frank Mathes in consideration for the car was in fact his property, and further that the garnishee was not indebted to the defendant.  There was contradictory testimony as to the transfer and the good faith of the parties connected with it, but these disputes have been settled in favor of the garnishee.

Plaintiff contends that there was error in proceeding with the trial upon the affidavit filed by the garnishee.  It was a nonliability affidavit, substantially in the form prescribed in section 233 of the ·civil code.  It is contended that there was such uncertainty and confusion of interests that an affidavit such as is provided for in section 234 of the code should have been filed for the information of the plaintiff and to enable it to intelligently prepare to test the truth of the garnishee's answer of nonliability.  An affidavit under section 234 is not required unless an affidavit has not been made as prescribed in the preceding section, and as the garnishee filed one under that section, there was no occasion for filing one under the succeeding section.  It appears that the garnishee had at one time expressed doubt as to who was the owner of the car sold to him, and as to

whom payment should be made, and it is argued that he should therefore have set out a detailed statement of the facts relating to the transfer of the car which were known to him. Whatever doubts he may have had appear to have been cleared up before his affidavit was filed, because it contains a positive statement that he was not indebted to the defendant. The situation in the case differed materially from that existing in *Lumber Co. v. Bank,* 63 Kan. 768, 66 Pac. 1024, or in *Railway Co. v. Bowman,* 95 Kan. 5, 147 Pac. 813. No one appears to have asked the garnishee for a fuller or more detailed statement of the facts in his answer, and besides, the plaintiff appears to have been about as well informed as the garnishee in regard to the relations between the defendant and his brother, and also as to their claims regarding the ownership of the car. If the facts brought out at the hearing were in fact a surprise and made further inquiry by plaintiff necessary to a fair trial of the issues, application might have been made and granted for a continuance in order that preparation might be made to meet the issues. In the recent case of *Jewell v. Ellis,* ante, p. 604, it was held that a case which had proceeded to an order upon a garnishee to pay money, based upon his answer, might be subsequently set aside by the trial court and the garnishee given an opportunity to correct his answer so as to state the actual facts as to his indebtedness to the defendant.

We are of the opinion that the facts were quite fully developed at the trial, and that no prejudice was suffered by the defendant by reason of the character of the garnishee's answer.

The judgment is affirmed.