Robinson v. Merchants Transfer and Storage Co.

No. 27,448.

J. J. ROBINSON, *Appellant*, v. THE MERCHANTS TRANSFER AND
STORAGE COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

BAILMENTS — *Defenses to Nondelivery — Property Taken by Judicial Process.*
Where a bailee is intrusted with property for safe-keeping and is later sued
by the bailor for the nondelivery of the same, it is a good defense that the
property was taken from the bailee by judicial process, which was fair on its
face, where he had given due notice to the bailor of the judicial proceedings
and seizure, thereby giving him an opportunity to appear and defend his in-
terest, of which he failed to avail himself.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB,
judge. Opinion filed June 11, 1927. Affirmed.

*Dennis Madden,* of Topeka, for the appellant.

*D. R. Hite* and *Maurice Freidberg,* both of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action of replevin brought by J. J.
Robinson to recover possession of household goods of the value of
$500 stored by plaintiff with the Merchants Transfer and Storage
Company. The goods were stored in the name of J. J. Robinson, and
the company gave him a warehouse receipt which was signed by both
parties, and stipulated that the goods were to be redelivered to the
plaintiff upon demand and payment of storage charges. Plaintiff
alleged that he demanded the goods and tendered the storage charges,
but that no delivery was made. No affidavit or bond in replevin
was made to obtain immediate possession of the goods. The answer
of the defendant was that it had possession of the goods, but that
they had been seized in garnishment proceedings in two actions
brought in the court of Topeka. In those actions, which were
brought for the recovery of money alleged to be due to the plaintiffs
from Inez Robinson, plaintiff's former wife, and his son, George.
Robinson, the court of Topeka found that the property belonged to
Inez Robinson, and ordered that the goods in the hands of the de-
fendant garnishee be turned over to the marshal for sale, and that.
out of the proceeds he first pay the storage charges; second, the costs;
and third, the judgment rendered in those actions. Under this order

Bailments, 6 C. J. pp. 1108 n. 5, 1109 n. 8, 17, 1142 n. 45, 53; 33 L. R. A. n. s.
689; 3 R. C. L. 115. Garnishment, 28 C. J. p. 396 n. 41.

the sale was made to a stranger for $200 and the proceeds were applied in accordance with the order of the court.

The evidence in this action was not preserved, but the trial court found that the goods belonged to plaintiff at the commencement of the action; that when he demanded the goods the defendant advised him of conflicting claims, and offered to deliver them if plaintiff would give it an indemnity bond conditioned upon defendant's sustaining any damages in case a delivery was made to him and the goods were claimed by others, but he declined to indemnify the defendant. The court found that the refusal of defendant to deliver the goods to plaintiff was because of the garnishment proceedings mentioned, in which it was claimed that the goods belonged to Inez Robinson and George Robinson. Upon the evidence the court found that plaintiff had notice of the garnishment proceedings, and that the matter of garnishments was discussed between plaintiff and defendant when plaintiff demanded the redelivery of the goods. As a conclusion of law the court found:

"The defendant in this case is fully protected by the judgment against it as garnishee in the two cases in the court of Topeka, entitled *Newell v. Robinson,* and *Wallace v. Robinson,* of which suits and proceedings therein the plaintiff had full notice, and the defendant herein is entitled to judgment against the plaintiff for costs."

What was the duty of the bailee when the goods in its hands were attached under an order of the court? We have seen when they were seized notice of the garnishment was given to the bailor, who was thus given an opportunity to go into the court from which the process issued and establish his ownership of the goods. It was the duty of the bailee to protect the goods, but was it its duty to defend the title of the bailor to the goods against the claims of others in a court where the question of ownership was involved and out of which the garnishment order had issued? We think the law does not impose upon the bailee the burden of going into court and proving that the bailor had the paramount title. It was its duty, of course, to give the bailor notice of the adverse claims and thus afford him an opportunity to defend. When the bailee has no knowledge of the rights of the conflicting claimants and the bailment is seized by judicial process fair on its face, he is protected as against a claimant when notice of seizure has been given the bailor and he fails to assert his rights by interpleading in the garnishment proceeding. (*Lumber Co. v. Bank,* 63 Kan. 768, 66 Pac. 1024.) It is urged that the bailee

may not dispute the title of the bailor, and that is the general rule where the bailee undertakes to claim title in himself or alleges that the title is in another, but there is a well-recognized exception to the rule, and that is that the bailee is entitled to show that he has been deprived of the property by process of law. (6 C. J. 1108.) When garnished the defendant alleged in its answer that it had the property, that the goods had been stored in the name of J. J. Robinson, that defendant had been garnished on a claim that the goods belonged to another, and that defendant did not know who owned the goods. It was not claimed that there was collusion between the defendant and other claimants to deprive the bailor of his property or that it had acted in bad faith in the transactions. Defendant did not and was not bound to assume the peril of deciding between conflicting claimants, nor was it required to assume the onus of defending the plaintiff's ownership of the property. It was not bound to resist the judgments or orders of the court. Where a bailment has been seized and taken under judicial process it has been stated as a general rule:

"That the bailee is excused from returning the subject matter of the bailment where the goods are taken from him by authority of law exercised through regular and valid proceedings." (6 C. J. 1141.)

In a note on the subject in 33 L. R. A., n. s., 689, where many authorities are cited, it was stated:

"Subject generally to the performance by the bailee of certain duties, hereinafter considered, in an action against him by the bailor of property, to recover the same or the value thereof, it is a good defense that the property was taken from him upon legal process, fair on its face."

In the same note it was added that:

"It is not sufficient that the bailee show merely that the bailed property was taken from him upon process fair upon its face. He must also show that the bailor was a party to the proceedings or that he was heard therein or had an opportunity to be heard."

Here the plaintiff had knowledge of the garnishment proceedings and an opportunity to be heard, and the fact that he did not avail himself of the opportunity does not deprive the bailee of the defense. Among many cases bearing on the question we cite *Pecos V. T. Co. v. A. T. & S. F. Ry. Co.*, 24 N. Mex. 480; *Henderson & Johnson v. Sugar Co.*, 65 Utah 241; 28 C. J. 378, 396, 399.

The fact that the Topeka court may have erred in holding that the ownership of the property was in another does not change the rule

or deprive the bailee of the defense that the goods were taken from it by judicial process. No appeal appears to have been taken from the judgment of the Topeka court, and the plaintiff having had notice of the proceeding, where he could have appeared and protected his interest, and having failed to do so is not in a position to assert in this action that the Topeka court erred in deciding that the property was subject to garnishment. The error, if any was committed, does not impair the legal effect of the defense made by the bailee. The law demands obedience to the process of courts, and it must be held that the defendant, which kept the property safe until the goods were seized and taken from it by an order and judgment of the court which had jurisdiction, and then gave plaintiff notice of the seizure, had done all that was required of· it and excused it for the nondelivery of the goods.

The judgment is affirmed.