251 S.W.2d 963 (1952)
HILKE et ux.
v.
BANK OF WASHINGTON.
No. 28252.
St. Louis Court of Appeals, Missouri.
October 21, 1952.
Rehearing Denied November 14, 1952.
Leo A. Politte, Theodore P. Hukriede, Washington, Frank W. Jenny, Union, for appellant.
George B. Calvin, Washington, Wm. Waye, Jr., St. Charles, Robert N. Jones, St. Louis, for respondents.
WOLFE, Commissioner.
In this action Hilke and his wife alleged that they were partners doing business under the name of Hilke Painting and Decorating Company. They alleged that they had a checking account at the Bank of Washington, which was carried on the bank records under the name of Hilke Painting and Decorating Company and either of the plaintiffs had a right to draw checks upon the account. There were some judgments against Hilke and several of the judgment creditors had garnishments in aid of execution *964 issued and the bank was served as garnishee. After the bank was served with a summons to garnishee on each of five judgments against Edward J. Hilke, it turned over to the sheriff the sum of $1916.93 and debited the account of Hilke Painting and Decorating Company for that amount. The plaintiffs sought recovery of the $1916.93 so deducted from the account by the bank. Upon the close of all the evidence the court directed a verdict for the plaintiffs in the sum sued for and from the judgment entered the defendant prosecutes this appeal.
Certain of the facts are without dispute. The records of the bank disclosed that it had an account which it carried on its books as "Hilke Painting and Decorating Co." Below this were written the words "Edward J. or Helena Hilke". There was deposited to the account a total of $9913.68 and withdrawals were made by the plaintiffs in the total sum of $7,996.74.
On November 29, 1948, the bank was served with a summons to garnishee which attached in its hands any money of Edward J. Hilke or a sufficient sum to satisfy a judgment for $520.37 in favor of Graybar Electric Company. This required the garnishee to appear on the 24th day of January, 1949, to answer any interrogatories that might be filed. Two days later, on December 1, four other garnishments wherein Hilke was the judgment debtor were served on the bank. The date for answer to these summonses was some time in January or February, 1949. When the last four were served, the sheriff was given a cashier's check for $1916.93, which was the total amount of all judgments on which the five garnishments had been run. Two debit entries were made against the account of "Hilke Painting and Decorating Co.", totaling the amount of the cashier's check. After this payment was made the bank notified Hilke.
Plaintiff Edward J. Hilke testified that he had been a resident of Washington, Missouri, for about fifteen years and was engaged prior to 1948 in the electrical appliance business with a partner named Triplett. They also did some painting. In March of 1948, that partnership was dissolved and there were a number of judgments against Hilke and Triplett. After the dissolution mentioned Hilke said that he went into partnership with his wife under the name of Hilke Painting and Decorating Company. He bought painting equipment with funds from the account of Hilke Painting and Decorating Company which he opened. He had no place of business but operated from his home and he said that his wife kept the books of the partnership.
On cross-examination it was shown that a number of checks that had been deposited to the account were payable to Edward J. Hilke and bore his endorsement. He stated that they represented money due the partnership and were for that reason deposited in the partnership account.
The assistant cashier of the bank testified that he had a conversation with Hilke concerning the opening of the account in question. He related that Hilke came to the bank and said that he wanted some checks printed and asked the cashier to order some for him with the name of Hilke Painting and Decorating Company printed on them. He said, according to the cashier, that he wanted to open an account in that name and that he would sign checks on it, but requested that it be arranged so that his wife could sign checks when he was out of town.
The president of the bank testified that when the first summons to garnishee was served on the bank he directed that the account be debited for the amount of the judgment. When the others were served, he added up the amounts of the judgments and ordered another debit entered for the total of the four. It was then that he gave the sheriff a check for the combined total. He said that he considered the account that of Edward J. Hilke alone and that the words "Edward J. or Helena Hilke" following the name of Hilke Painting and Decorating Company upon the books of the bank were there to indicate that checks signed by either were to be honored. He did not know Mrs. Hilke and all of the business he had done had been with her husband. It was upon this evidence that the court sustained plaintiffs' *965 motion for a directed verdict which was followed by the resulting judgment and appeal.
The point before us, of course, is the question of whether or not the court erred in directing a verdict for the plaintiffs.
The petition alleges that plaintiffs were partners in the business known as the Hilke Painting and Decorating Company. The answer of the defendant avers that Hilke opened the account in question and that the partnership was a fictitious arrangement devised for the purpose of defrauding the creditors of Hilke. The court below held, and the respondents here urge, that the alleged partnership was not sufficiently denied by the defendant's answer to put in question its existence, and it was therefore not an issue in the case. We are cited to Section 509.150 RSMo 1949, V.A.M.S., which provides:
"When parties sue or are sued as a partnership, and the names of the partners are set forth in the petition or counterclaim, the existence of the partnership shall be deemed confessed unless it be denied by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."
It is obvious that an answer seeking to deny the existence of a partnership properly alleged in the petition must do more than generally deny the alleged partnership, under the above statute. Dimick v. Noonan, Mo.App., 242 S.W.2d 599; Marquis v. Pettyjohn, Mo.App., 212 S.W. 2d 100. However, here the answer asserted that the alleged partnership was nothing more than a fictitious arrangement entered into by Hilke to avoid payment of numerous judgments against him. This means that the partnership is false and pretended, and that is a specific denial of its existence. The particular averments relating to Hilke's debts and the reason for the alleged pretense coupled with the statements that the partnership is fictitious adequately comply with the statutory requirements, and it follows that the court erred in holding that the partnership was admitted by answer.
The next question for consideration is the relationship between the bank and the plaintiffs. Regardless of whether or not the account debited was an individual or partnership account the relation between the bank and the depositor, whoever it may have been, was that of debtor and creditor. This is ordinarily true where, as here, the deposit is made to the general credit of the depositor. 9 C.J.S., Banks and Banking, § 273, page 556; American Sash & Door Co. v. Commerce Trust Co., 332 Mo. 98, 56 S.W.2d 1034. It follows that the bank was the debtor of either Hilke or the alleged partnership at the time it was served as garnishee. When it was served all debts owing by it to Hilke were in effect attached. Section 525.040 RSMo 1949, V.A.M.S. Thereafter the bank had two courses open to it. The first was to await the return date of the summons and then answer such interrogatories as might have been filed by the judgment creditors of Hilke. Section 525.140 RSMo 1949, V.A.M.S. And the second course was to confess any indebtedness to Hilke and pay the amount of its indebtedness into court. Sections 525.070 and 525.410 RSMo 1949, V.A.M.S. The latter was the course it sought to pursue.
The title to funds on deposit in a bank arise out of contract. In the absence of evidence that the bank was ever informed of any partnership, it could not be charged with knowledge that the funds constituted a partnership account. According to the undisputed evidence, Hilke opened the account of Hilke Painting and Decorating Company, and according to the cashier's testimony he directed the bank for his own convenience to honor checks drawn on it by his wife. No presumption of partnership arises solely from the use of the firm name unless the name itself is suggestive of a partnership. 68 C.J.S., Partnership, § 51, page 467; Maryland Casualty Co. v. Spitcaufsky, 352 Mo. 547, 178 S.W.2d 368. So according to the defendant's evidence the bank was not on notice of any partnership interest in the account by reason of the name employed.
Nor do the words, "Edward J. or Helena Hilke", on the records below the *966 firm name indicate a joint account. Section 362.470 RSMo 1949, V.A.M.S., sets out what shall constitute a joint account, and the two names disjunctively joined do not meet its requirements. Murphy v. Wolfe, 329 Mo. 545, 45 S.W.2d 1079. Therefore, under the defendant's evidence, the only information with which the bank can be charged with having had, at the time it was summoned as garnishee, was that Hilke had an account with it under a firm name and that it was to honor checks drawn by his wife upon it.
If this was the real state of facts, then the account was subject to garnishment, for, as we said in Baden Bank of St. Louis v. Trapp, Mo.App., 180 S.W.2d 755, loc. cit. 759:
"There is of course no room for controversy about the fact that the funds of a judgment debtor on deposit in a bank are subject to garnishment at the instance of the judgment creditor; nor does it affect the latter's right to reach the funds by garnishment that they may be deposited in the bank in the name of some one other than the judgment debtor, if in truth and in fact they belong to him. Gregg v. Farmers' & Merchants' Bank of Hannibal, 80 Mo. 251".
If, on the other hand, the funds were in fact partnership funds, they were not subject to garnishment for the individual debts of Hilke, Section 358.250, subd. 2(3) RSMo 1949, V.A.M.S., and this remains true in cases where husband and wife are in partnership. Macks v. Drew, 86 Mo.App. 224. It would still be true even though the garnishee paid partnership funds into court, for under the garnishment statute any claimant may interplead and the garnishee is powerless to effect the rights of the third parties to the sum that he pays in. Gates v. Tusten, 89 Mo. 13, 14 S.W. 827; Current News Features v. Pulitzer Pub. Co., 8 Cir., 81 F.2d 288.
The court erred in directing a verdict for the plaintiffs for there were two issues raised by the pleadings and the evidence which should have been submitted to the jury. The first was the actual existence of a partnership, and the second was the existence of a contractual relationship between the bank and the partnership, if it did exist. The proof of a contractual relationship between the bank and the partnership is as important as the proof of the partnership itself. If this were not necessary then Hilke by leading the bank to believe he was depositing funds of his own, which were in fact partnership funds, could have his own debts satisfied by garnishment while the partnership suffered no loss thereby.
In accordance with the views expressed, it is the recommendation of the Commissioner that the judgment be reversed and the cause remanded for a new trial.
PER CURIAM.
The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.
The judgment of the circuit court is accordingly reversed and the cause remanded.
BENNICK, P. J., and ANDERSON and RUDDY, JJ., concur.