**J.E. HALLMARK, Plaintiff–Respondent,**

v.

**A.L. HAENNI, Eliane Haenni, First Bank f/k/a Heritage National Bank, Defendants–Appellants.**

Nos. 67234, 67478.

Missouri Court of Appeals, Eastern District, Division Four.

May 23, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 26, 1995.

Application to Transfer Denied Sept. 19, 1995.

Patrick J. Boyle, Gunn and Gunn, St. Louis, for appellants.

William Fortenbury, St. Louis, for respondent.

KAROHL, Judge.

Garnishee, First Bank, f/k/a Heritage National Bank, appeals from a summary judgment in favor of garnishor, J.E. Hallmark, in two consolidated garnishment proceedings. The dispute was whether First Bank held bank accounts belonging to the judgment debtor, an individual, or partnership in which debtor was a partner. The trial court found no genuine issue of material fact existed regarding the ownership of the bank accounts by judgment debtor, A.L. Haenni. First Bank appeals. We reverse and remand.

On November 2, 1993, Hallmark obtained a judgment against A.L. Haenni and Eliane Haenni, jointly and severally, for $36,500. Hallmark filed two individual garnishments naming First Bank as garnishee. Each garnishment included instructions for a levy against the accounts of A.L. Haenni, d/b/a "Pond Inn" and A.L. Haenni and Eliane Haenni, d/b/a "Haenni Antique Imports".

First Bank answered interrogatories indicating it did not have in its possession or under its control any property, money, or effects of A.L. Haenni and Eliane Haenni. It acknowledged accounts of partnerships in which the Haennis were partners. Hallmark filed Exceptions to Interrogatory Answers of Garnishee in both garnishments. Hallmark alleged that A.L. Haenni was the sole owner of Pond Inn which he operated under that fictitious name. If true, the Pond Inn account was Haenni's individually, not property of a partnership. First Bank filed a response stating the Pond Inn account and Haenni Antique Imports account were both owned by partnerships. These partnerships consisted of four partners, A.L. and Elaine Haenni and Suzanne and Warren Dixon.

On August 8, 1994, Hallmark filed a Motion for Summary Judgment in the garnishments which were consolidated on July 26, 1994. In support of his motion, Hallmark included copies of:

(1) the Registration of a Fictitious name for Pond Inn identifying A.L. Haenni as sole owner;

(2) individual Partnership Resolutions of Authority Pond Inn and Haenni Antique Imports indicating separate federal tax identification numbers for each business and listing as partners for each business A.L. and Eliane Haenni and Suzanne and Warren Dixon; and

(3) U.C.C. Security Filing instruments for a car, tools, and restaurant appliances which were from A.L. Haenni, individual d/b/a Pond Inn.

In response to the Motion for Summary Judgment, counsel for First Bank as "attorney and agent for Defendant First Bank," filed an affidavit with attached exhibits as follows:

(1) same individual Partnership Resolutions of Authority documents relating to partnership bank accounts as filed by Hallmark;

(2) a certified copy of a Voluntary Petition for a Chapter 11 Bankruptcy which indicates that Pond Inn and Haenni Antique Imports are general partnerships; and

(3) a copy of a Partnership Agreement for Pond Inn and Haenni Antique Imports listing as partners A.L. and Eliane Haenni and Suzanne and Warren Dixon.

On September 14, 1994, the trial court granted Hallmark's Motion for Summary Judgment. It ordered First Bank to pay $21,011.82 into the registry of the court. Thereafter, the court awarded Hallmark's attorneys fees. On September 26, 1994, Hallmark filed a Motion to Correct or Amend Judgment. On October 7, 1994, First Bank filed a Motion for Rehearing and Reconsideration.

On October 12, 1994, the court heard both pending motions, vacated its previous order of September 14, 1994, and again granted summary judgment in favor of Hallmark. The trial court ordered First Bank to pay $41,360.48 into the registry of the court. Hallmark's attorneys fees of $2380 were ordered against First Bank.

On November 1, 1994, Hallmark filed a Motion for Entry of Judgment against First Bank, presumably because First Bank failed to comply with the October 12, 1994 court order. On November 16, 1994, the court granted judgment in favor of Hallmark and against First Bank in the amount of $43,740.48. First Bank appeals.

■ When considering appeals from summary judgment, we review the record in the light most favorable to the party against whom judgment is entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993). If a genuine issue of fact exists, summary judgment cannot be granted. A genuine issue of fact exists when there is the slightest doubt about the facts. The fact in doubt, however, must be a material one which has legal probative force as to a controlling issue. *Id.*

■ As the sole issue on appeal, First Bank argues that the summary judgment facts, in evidentiary form, preserved a genuine issue of fact as to who owned the bank accounts which Hallmark sought. First Bank responded to Hallmark's motion for summary judgment by filing its counsel-agents' affidavit and supporting documentation. The documentation consisted of: (1) Partnership Resolutions of Authority for Pond Inn and Haenni Antiques indicating the federal tax identification numbers and listing as partners for the business accounts A.L. and Eliane Haenni and Suzanne and Warren Dixon; (2) a Voluntary Petition for Bankruptcy indicating Pond Inn and Haenni Antiques as a partnership; and (3) a Partnership Agreement for Pond Inn and Haenni Antiques listing as partners the Haennis and Dixons. The information in these documents, if believed, would support a finding the bank accounts were owned by partnership.

Hallmark argues summary judgment was properly granted for several reasons: (1) First Bank's response to the Motion for Summary Judgment failed to technically comply with the new version of Rule 74.04(c)(2), effective January 1, 1994; (2) First Bank failed to provide competent evidence of the existence of a partnership as required by Rule 74.04(e); and (3) the funds in the Pond Inn account at First Bank were attachable regardless of whether they were individual or partnership accounts. We find no merit to these arguments.

First, First Bank's Answer to Hallmark's Interrogatories complied in substance with the formal requirements of Rule 74.04(c)(2). Rule 74.04(c)(2) as amended in 1993, effective January 1, 1994, in relevant part states: "The response shall admit or deny each of movant's factual statements in numbered paragraphs that correspond to movant's numbered paragraphs...." First Bank's response did not answer the specific allegations in Hallmark's motion. It did not use specific numbered paragraphs. However, First Bank informed Hallmark that at the time of service of garnishment(s) it had no property of judgment debtors "subject to garnishment or execution." There was only one fact issue

relevant to this response. Further, there is nothing in the legal file to support the argument that Hallmark claimed a right to summary judgment by "default" on formalities. We therefore conclude the trial court heard and granted summary judgment only on the merits.

Second, First Bank's affidavit in opposition to the Motion for Summary Judgment is in proper evidentiary form. First Bank's attorney filed his affidavit as agent and attorney with supporting documents in response to Hallmark's motion. As a lawyer, the affiant is an expert who may offer opinions based on his first hand knowledge regarding legal documents which he identified as an agent. The documents may be admissible at trial as business records. Some of the exhibits which alluded to existing partnerships were also offered by Hallmark. The fact issue of who owned the account remained in dispute and subject to a jury decision.

Finally, the existence of a partnership is decisive in determining whether the funds in the accounts were attachable by Hallmark. Hallmark argues that a judgment creditor in Missouri has the right to reach funds by garnishment even if they are deposited in a bank account in the name of someone other than the judgment debtor, if in truth and in fact they belong to him. Hallmark supports this argument citing *Vaughn v. Spitz,* 682 S.W.2d 847, 848 (Mo.App.1984); *Hilke v. Bank of Washington,* 251 S.W.2d 963, 966 (Mo.App.1952); *Baden Bank of St. Louis v. Trapp,* 180 S.W.2d 755, 759 (Mo.App.1944). These cases do not constitute authority that a judgment creditor of an individual who is a partner can directly garnish a partnership bank account.

Neither *Trapp* nor *Vaughn* are dispositive since they fail to address the issue of the existence of a partnership. In *Hilke,* the court did consider the argument Hallmark is asserting. However, it held that if the funds were in fact partnership funds, they were not subject to garnishment for the individual debts of one of the partners. Section 358.250 RSMo 1986. Thus, the existence of a part-

nership impacts whether the funds are attachable.

We reverse and remand.

AHRENS, P.J., and SIMON, J., concur.