**J.E. HALLMARK, Plaintiff/Respondent,**

v.

**A.L. HAENNI, Eliane Haenni, Defendants, and First Bank f/k/a Heritage National Bank, Defendant/Appellant.**

No. 70473.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 10, 1997.

as garnishee First Bank (appellant), f/k/a Heritage Bank. Respondent also filed a second garnishment (No. G94451) naming appellant as garnishee. The two garnishment actions were consolidated into Garnishment No. G94042 by the circuit court on July 26, 1994. The garnishments included instructions for a levy against the accounts of Antonio L. Haenni, d/b/a The Pond Inn. In response to each garnishment, appellant timely filed answers to interrogatories to garnishee indicating that it did not have in its possession or under its control any property, money, or effects of the judgment debtors, A.L. Haenni and Eliane Haenni.

Respondent filed exceptions to the interrogatory answers of appellant in both of the garnishment proceedings, alleging that, according to records filed with the Missouri Secretary of State, Antonio Haenni was the sole owner of the business known as The Pond Inn and, therefore, was also the sole owner of the amounts on deposit in a partnership bank account maintained under the name of The Pond Inn. Appellant filed a response to respondent's exceptions, stating that the bank account which was the subject of the respondent's exceptions was an account owned by a partnership, The Pond Inn. Attached to appellant's response to respondent's exceptions was a partnership resolution from The Pond Inn which listed as partners Antonio L. Haenni, Eliane M. Haenni, Suzanne C. Dixon and Warren E. Dixon. The partnership resolution included a separate federal tax identification number for the partnership.

Prior to the scheduled trial on respondent's exceptions, summary judgment was entered in favor of respondent. Appellant filed an appeal from the summary judgment in favor of respondent. This court reversed the judgment of the circuit court, finding a genuine issue of material fact as to the existence of the partnership. *Hallmark v. Haenni*, 904 S.W.2d 31 (Mo.App. E.D.1995). This court opined that the existence of the partnership was dispositive as to the ownership of the bank account and whether or not the funds are attachable. *Id.* at 36. Accordingly, the case was reversed and remanded

Gunn and Gunn, Patrick J. Boyle, St. Louis, for Appellant.

William Fortenbury, St. Louis, for Respondent.

PUDLOWSKI, Judge.

Appellant First Bank appeals the judgment of the circuit court, sitting without a jury, ruling in favor of respondent J.E. Hallmark, and finding that funds in a bank account held at First Bank are attachable and subject to garnishment.

On November 2, 1993, J.E. Hallmark (respondent) obtained a judgment against A.L. Haenni, a/k/a Antonio Leon Haenni, and Eliane Haenni, jointly and severally, in the amount of $36,500. Hallmark then filed a garnishment in the Circuit Court of St. Louis County (Garnishment No. G94042), naming

to the circuit court to determine the existence of the partnership, The Pond Inn.

The circuit court held an evidentiary hearing, without a jury, on February 26, 1996. After the hearing, the court rendered a judgment in favor of respondent, holding that the funds in the bank account are attachable in the garnishment action. The judgment of the circuit court, sitting without a jury, will be sustained unless "there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Our court will exercise the power to set aside a judgment as being "against the weight of the evidence" with caution and with a firm belief that the judgment is wrong. *Id.*

Because we find that appellant presented prima facie evidence of the existence of a partnership which was not sufficiently rebutted by the evidence presented by the respondent, we find the bank account at issue was owned by the partnership, The Pond Inn. Partnership funds are not attachable through garnishment for the debts of an individual partner. Accordingly, we firmly believe the judgment of the circuit court was wrong and find that it is against the weight of the evidence.

At the hearing, Respondent offered the following documentary evidence:

1. The Registration of a Fictitious Name for The Pond Inn identifying A.L. Haenni as the sole owner.

2. A statement from the Secretary of State stating that the Fictitious Name Registration had not been changed since April 25, 1979.

3. Some U.C.C. Security instruments covering various items, said instruments being executed in the following manner: 1) A.L. Haenni and Eliane Haenni d/b/a Haenni Antique Imports, a Missouri general partnership; 2) Antonio L. Haenni, individually d/b/a The Pond Inn; 3) Haenni Antique Imports, A Missouri General Partnership, signed as partners and individuals by Antonio Haenni, Eliane Haenni, Suzanne C. Dixon and Warren E. Dixon; 4) Antonio Haenni, Individual d/b/a Haenni Antique Imports; 5) Antonio L. Haenni, Individual & Eliane Haenni, Individual d/b/a Pond Inn & Haenni Imports.

4. Bank statements from the bank account in the name of The Pond Inn for the time when the garnishments were to be executed along with a summary of amounts on deposit at the time the garnishments were to be executed.

Appellant introduced documentary evidence in the form of the following:

1. A Business Account Agreement opening an account with Heritage National Bank n/k/a First Bank, appellant herein. The agreement indicates that the account is a partnership account. (Defendant's Exhibits A & B).

2. A Partnership Resolution of Authority between Appellant and The Pond Inn, asserting that Suzanne C. Dixon, Warren E. Dixon, Eliane M. Haenni, and Antonio L. Haenni are members of the partnership, The Pond Inn. The document also indicated that the partnership, The Pond Inn, was issued a federal tax I.D. number. (Defendant's Exhibit C).

3. A Partnership Agreement, entered into on January 2, 1979, and indicating that Suzanne C. Dixon and Warren E. Dixon purchased an interest in The Pond Inn from Antonio and Eliane Haenni and would receive "a one-quarter (25%) interest in the inventory and fixtures held by Pond Inn, St. Louis County, State of Missouri, subject to all liens and debts pertaining to said businesses, and a one-quarter (25%) interest in all net profits or losses which may accrue from this second day of January, 1979 . . . ." The agreement is signed by the Dixons and by Antonio and Eliane Haenni. (Defendant's Exhibit D).

4. A certified Voluntary Petition in the United States Bankruptcy Court filed on behalf of all four alleged partners individually and d/b/a The Pond Inn, a Missouri General Partnership and signed under penalty of perjury by all four alleged partners on May 10, 1994.

Appellant also introduced testimony from a Judy Filter, appellant's employee who set up the account. Ms. Filter testified that, based

on the information given her, the account was created as a partnership account, that only partners Suzanne and Warren Dixon could withdraw funds from the account, that it was issued a federal tax I.D. number of the type only given to corporations and partnerships and that she administered the account in the same way in which she administers all partnership accounts.

Antonio Haenni also testified that the bank account was a partnership account and that a bankruptcy proceeding had been filed on behalf of The Pond Inn, as a partnership. He also testified that the partnership remains in existence and has been continuous since the agreement was executed on January 2, 1979. He testified further that he registered the fictitious name registration as sole owner in order to expedite the acquisition of a liquor license and that he did not pay any money to any of the other alleged partners for ownership of the name, The Pond Inn. He testified further that he did not prepare any of the U.C.C. filings but signed what the creditor's prepared for him.

Suzanne Dixon testified that she opened the bank account as a partnership because The Pond Inn was a partnership, that she shared in the profits and losses, and participated in the business as a partner, contributing both time and money. She further stated that she did not receive any money from Antonio Haenni for the name, "The Pond Inn."

■ The primary task before the circuit court was to determine whether The Pond Inn was a partnership or whether it was operated by Antonio Haenni as sole owner, thus determining the ownership of the bank account. If the funds in the account were partnership funds, they are not subject to garnishment for the individual debts of one of the partners. *Hilke v. Bank of Washington*, 251 S.W.2d 963, 966 (Mo.App.1952). The issue of the existence of the partnership, therefore, is dispositive on the question of attachability of the funds in the bank account.

Appellant's first point on appeal resolves the dispositive issue in this case. Accordingly, we will address only that point.

In its first point, appellant asserts that the judgment of the trial court is not supported by substantial evidence and is against the weight of the evidence in that respondent failed to adduce evidence which showed the bank account in question was not owned by a partnership called The Pond Inn. Respondent asserts, however, that it was not his affirmative duty to show that The Pond Inn was not a partnership. He claims that, in a garnishment proceeding, his burden was only to prove facts essential to the garnishee's liability and that he has met his burden. Our court, however, found that the existence of the partnership is the dispositive issue as to whether or not the funds are attachable. *Haenni*, 904 S.W.2d at 34.

■ Accordingly, if prima facie evidence of the existence of a partnership is presented by the appellant, it becomes the respondent's burden to present evidence sufficient to rebut it. *See generally, Stuart v. Overland Medical Center*, 510 S.W.2d 494 (Mo.App. 1974). Co-ownership and sharing of profits by those engaged in business are prima facie evidence of partnership and a presumption of partnership prevails unless evidence sufficient to rebut the presumption is brought forward. *Id.* at 498. Furthermore, the primary consideration in determining the existence of a partnership is whether the parties *intended* to carry on as co-owners of a business for profit. *Stein v. Jung*, 492 S.W.2d 139, 144 (Mo.App.1973). The partnership agreement, the testimony of Antonio Haenni and Suzanne Dixon, the Voluntary Petition in Bankruptcy, the Business Account Agreement, and the Partnership Resolution of Authority all indicate that a partnership existed and the parties intended to carry on as co-partners of a business for profit. Accordingly, we find that this evidence presented by appellant constitutes substantial evidence of the existence of a partnership and such a presumption must be overcome by the evidence presented by the respondent.

The issue becomes whether or not respondent presented sufficient evidence to rebut the presumption of the existence of the partnership. The primary items of evidence presented by respondent are the Fictitious Name Registration and the U.C.C. docu-

ments. It is indicated on the fictitious name registration and on some of the U.C.C. security instruments that Antonio Haenni is an individual d/b/a The Pond Inn and is the sole owner of it. Haenni, however, testified that he did not purchase the name, The Pond Inn, from the other partners. Haenni further testified that he falsely claimed that he was the sole owner on the registration solely to expedite the application process for obtaining a liquor license. We make no judgment on the effect of such conduct. However, such conduct did not result in a dissolution of the partnership that was created by the agreement on January 2, 1979. We find that respondent's evidence was insufficient to establish that no partnership existed and the Haenni's and Dixons did not intend to be co-owners carrying on a business for profit. Accordingly, the bank account is not attachable for the individual debts of Antonio and Eliane Haenni. The judgment of the circuit court was, therefore, against the weight of the evidence.

Judgment reversed.

CRANE, P.J., and GERALD M. SMITH, J., concur.