AG SERVICES OF AMERICA, INC., an Iowa corporation, and Ag Acceptance Corporation, a Delaware corporation, Plaintiffs-Appellants,

v.

Roger C. KREJCHIK and Maxine Krejchik d/b/a Rolling Meadows Farm, Defendants-Respondents,

FIRSTAR BANK - PORTAGE, Garnishee-Defendant-Respondent,

Joseph D. KREJCHIK, Karen Krejchik and Matthew J. Krejchik, Garnishees-Defendants.

Court of Appeals

*No. 00–3430. Submitted on briefs July 9, 2001.—Decided December 28, 2001.*

2002 WI App 6

(Also reported in 640 N.W.2d 125.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Charles F. Church* of *Smiley Law Office*, Portage.

On behalf of the defendant-respondent Firstar Bank, the cause was submitted on the brief of *James D. Peterson* of *LaFollette, Godrey & Kahn*, Madison.

On behalf of the defendants-respondents Roger C. Krejchik and Maxine Krejchik d/b/a Rolling Meadows Farm, the cause was submitted on the brief of *Roger C. Krejchik*.

Before Vergeront, P.J., Deininger and Lundsten, JJ.

¶ 1. LUNDSTEN, J. Ag Services of America, Inc. and Ag Acceptance Corporation (collectively Ag Services) appeal an order dismissing a claim against Firstar Bank. Ag Services served a "Garnishment Summons and Complaint" on Firstar Bank seeking to garnish the assets of Roger C. Krejchik and Maxine Krejchik. Firstar Bank responded that it did not have control or possession of property belonging to Roger or Maxine Krejchik and, therefore, it did not freeze any accounts or assets. Ag Services asserts that Firstar Bank should have frozen the checking account of a partnership, Rolling Meadows Farm, wholly owned by Roger and Maxine Krejchik. For the following reasons, we affirm.

### Facts

¶ 2. This action began when Ag Services brought suit against Roger C. Krejchik and Maxine Krejchik d/b/a Rolling Meadows Farm to collect outstanding principal and interest under a promissory note. The note was executed by Roger C. Krejchik and Maxine Krejchik d/b/a Rolling Meadows Farm. Rolling Meadows Farm is a partnership that is solely owned by Roger and Maxine Krejchik.

¶ 3. The suit resulted in an order finding that Ag Services was entitled to $71,691.43 as due and owing on the loan, and $1,911.50 for attorney fees. Judgment was entered against "Roger C. Krejchik and Maxine Krejchik d/b/a Rolling Meadows Farm."

¶ 4. On June 22, 2000, Ag Services served a "Garnishment Summons and Complaint" on Firstar Bank, naming only Roger C. Krejchik and Maxine Krejchik as judgment debtors. The summons and complaint made no reference to Rolling Meadows Farm. Firstar Bank was the named garnishee. A copy of the summons and complaint was also served on Roger Krejchik on June 23, 2000.

¶ 5. On July 6, 2000, an accounts associate at Firstar Bank answered the complaint, indicating that the bank did not have under its control or in its possession any accounts belonging to Roger or Maxine Krejchik. Ag Services filed a reply, contesting Firstar Bank's answer.

¶ 6. A hearing was conducted on August 23, 2000. At the hearing, Roger Krejchik testified that Rolling Meadows Farm was established as a partnership among three brothers.[1] The Rolling Meadows Farm partnership opened an account at Firstar Bank in 1968, and the three brothers were authorized signatories on the account. In 1990, the farm was divided, and Roger and Maxine purchased the Rolling Meadows Farm partnership. They did not formally notify Firstar Bank of the change in ownership, but the signatories on the partnership account were changed to Roger and Maxine.

¶ 7. Judith Collins, the vice president and branch manager at Firstar Bank, testified that on June 22, 2000, Rolling Meadows Farm had an account with the bank in the amount of $57,921.05. On June 23, 2000, the funds in the account totaled $1,000. During the month of July, the account balance fluctuated between $33,765.86 and $1,436.98.

---

[1] The circuit court's order indicates that Roger was one of the three brothers who established Rolling Meadows Farm.

¶ 8. Cindy King, an accounts associate at Firstar Bank, testified concerning the procedure for responding to garnishment complaints. Using what is called a "Hogan system," bank employees look for any accounts held in the name or names listed on the garnishment complaint. King stated that employees specifically look for the account holder's name, address, tax ID number, or account number. Two items must match between the account retrieved by the Hogan system and the garnishment complaint before Firstar Bank will place a hold on the account. King testified that the listing of a debtor as only a signatory on a retrieved account would not constitute a proper basis for putting a hold on the account because a signatory on an account is not necessarily the owner of the account; rather, that person may merely have authority to sign checks.

¶ 9. Beth Nestheide then testified that she handled the garnishment complaint in the Krejchik matter. Nestheide indicated that when she searched the Hogan system under Roger C. Krejchik and Maxine Krejchik, it retrieved the Rolling Meadows Farm account because Roger and Maxine were listed as signatories on the account. Nestheide testified that because nothing in the garnishment complaint identified Rolling Meadows Farm as an entity subject to garnishment, and because Firstar Bank held no personal accounts in the names of Roger or Maxine, she wrote the words "no accounts" on the answer to the complaint. Nestheide then gave the complaint and answer to another Firstar Bank employee to corroborate the accuracy of her work.

¶ 10. The circuit court issued a decision dismissing Ag Services' claim against Firstar Bank. The court concluded that it was Ag Services' responsibility to properly designate the debtor on the garnishment complaint and Ag Services failed to do so. Relying on

*German National Bank of Denver v. National State Bank of Boulder*, 39 P. 71 (Colo. Ct. App. 1895), the court stated that Firstar Bank did not have actual knowledge that Roger and Maxine were the owners of the Rolling Meadows Farm account. Accordingly, the circuit court held that Firstar Bank properly answered the garnishment complaint indicating that it was not indebted or under any liability to Roger and Maxine, the debtors listed in the complaint. Ag Services appealed.[2]

### *Discussion*

¶ 11. The sole issue on appeal is whether the circuit court properly dismissed Ag Services' claim against Firstar Bank. This issue requires us to construe WIS. STAT. § 812.11 (1997–98),[3] pertaining to garnishee answers, and decide whether the circuit court properly applied it to the facts of this case. We will uphold a circuit court's factual findings unless they are clearly erroneous. *See Flejter v. Estate of Flejter*, 2001 WI App 26, ¶ 34, 240 Wis. 2d 401, 623 N.W.2d 552. The construction of a statute or its application to a particular set of facts is a question of law that we review *de novo*. *Lane v. Williams*, 2000 WI App 263, ¶ 7, 240 Wis. 2d 255, 621 N.W.2d 922.

¶ 12. Pursuant to WIS. STAT. § 812.11, a garnishee is required to answer the garnishment complaint by stating the following:

---

[2] Roger filed a letter with this court on behalf of himself and Maxine, d/b/a Rolling Meadows Farm, indicating that they "make no comment or recommendation in this matter."

[3] All further references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

(1) Whether the garnishee was, at the time of the service of the garnishee summons, indebted or under any liability to the defendant, naming the defendant, in any manner or upon any account, specifying, if indebted or liable, the amount, the interest thereon, the manner in which evidenced, when payable, whether an absolute or contingent liability and the facts necessary to a complete understanding of such indebtedness or liability. When the garnishee is in doubt respecting any liability or indebtedness to the defendant, the garnishee may set forth the facts concerning the possible liability or indebtedness.

(2) Whether the garnishee held, at the time of the service of the garnishee summons, title to, possession of or any other interest in any land or personal property or any instruments or papers relating to any such land or personal property belonging to the defendant or in which the defendant is interested. If the garnishee admits holding any interest in property described in this subsection or is in doubt respecting whether the garnishee holds an interest in property described in this subsection, the garnishee shall set forth a description of the property and the facts concerning the property, and the title, interest or claim of the defendant in or to the property.

In this case, Firstar Bank answered the complaint indicating that it was "not indebted to the debtor" for any reason and it did "not have control or possession of property belonging to the debtor." A handwritten notation on the answer stated, "No accounts."

¶ 13. The circuit court concluded that Ag Services improperly designated the debtor and, as a result, Firstar Bank correctly answered the garnishment complaint when it responded that it was not indebted to Roger or Maxine Krejchik. We agree.

347

¶ 14. Pursuant to Wis. Stat. § 812.11(1) and (2), Firstar Bank was required to indicate in its answer whether it was indebted to or under any liability to "the defendant" and whether it held any interest in personal property belonging to "the defendant" or in which the defendant was interested. Roger and Maxine Krejchik were the only listed debtors on the garnishment complaint. The name "Rolling Meadows Farm" was wholly absent from the complaint. Accordingly, on its face, the garnishment complaint indicated that Roger and Maxine were indebted to Ag Services in their individual capacities only.

¶ 15. Wisconsin Stat. § 178.21(3)(c) provides that "[a] partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership." Ag Services does not dispute that this means, as a general proposition, that partnership assets are not subject to garnishment to satisfy the debts of individual partners. *See Hallmark v. Haenni*, 947 S.W.2d 452, 454 (Mo. Ct. App. 1997) (holding that partnership funds were not attachable through garnishment for the debts of an individual partner). Thus, it is of no consequence that the Rolling Meadows Farm partnership account was retrieved by the Hogan system because nothing in the garnishment complaint indicated that the partnership was indebted to Ag Services or that Ag Services was seeking to garnish the partnership account.

¶ 16. We find persuasive the following language of the Colorado Court of Appeals: "In the intricate and complicated business of banking, absolute exactness and particularity in regard to names is absolutely indispensable, not only for the security of the bank, but of those doing business with it." *German Nat'l Bank*, 39 P. at 72. The Colorado court went on to opine that

creditors should know the names of their debtors, especially when the indebtedness is evidenced by a promissory note, and should bring a garnishment proceeding against the proper persons or suffer the consequences of their own negligence. *Id.* Moreover, a garnishee is not required to search its accounts under names other than those listed as debtors in the garnishment complaint, or "to make a detailed inquiry of accounts not listed in the writ to determine whether some part of the funds 'belonged' to the judgment debtor." 6 AM. JUR. 2D *Attachment and Garnishment* § 526, at 809 (1999).

¶ 17. Therefore, Firstar Bank properly responded to the garnishment complaint by denying indebtedness or liability to the Krejchiks because the garnishment complaint only listed Roger and Maxine as debtors and because neither person had a personal account at Firstar.

¶ 18. Ag Services argues that because it loaned the Krejchiks money for the operation of Rolling Meadows Farm, "the Krejchiks acted as agents of the partnership, and consequently, partnership assets can be garnished to pay the debt." The issue, however, is not whether the Rolling Meadows Farm partnership account *could* be garnished, but whether Firstar properly refused to freeze that account based on Ag Services' failure to name Rolling Meadows Farm partnership as a judgment debtor in the garnishment complaint.

¶ 19. Ag Services also contends that Firstar Bank knew or should have known that Roger and Maxine were the sole owners of the Rolling Meadows Farm

account.[4] Ag Services apparently believes that if the bank was aware that Roger and Maxine were the only partners in the Rolling Meadows Farm partnership and, therefore, wholly owned the partnership account, then the partnership account could have been garnished based on the information supplied by Ag Services on the garnishment complaint. We conclude that whether Firstar Bank actually knew or should have known that the Krejchiks were the sole owners of the Rolling Meadows Farm account is irrelevant.

¶ 20. As previously discussed, a partner's assets in the partnership are not subject to attachment except on a claim against the partnership. WIS. STAT. § 178.21(3)(c). Because Firstar Bank had no reason to know that the judgment obtained by Ag Services was against the partnership, it had no reason to garnish the partnership account for a debt that appeared to be against the Krejchiks in their individual capacities. *See McHugh & Assocs. v. Commercial & Farmers Bank*, 476 A.2d 736, 740 (Md. Ct. Spec. App. 1984) (bank may have liability for pecuniary damages if it wrongfully seizes the assets of a partnership based upon a writ naming only an individual partner as the judgment debtor).

¶ 21. Ag Services does not, in any cogent manner, suggest that Firstar Bank either knew or should have known that Rolling Meadows Farm was a judgment

---

[4] The circuit court, in relying upon *German National Bank of Denver v. National State Bank of Boulder*, 39 P. 71 (Colo. Ct. App. 1895), applied an "actual knowledge" requirement to the question of whether Firstar Bank was aware that Roger and Maxine were the sole owners of the Rolling Meadows Farm account. As will become clear from the reasoning of this opinion, we need not decide whether an "actual knowledge" or "should have known" standard applies.

debtor in this case. Nor does Ag Services cite any authority holding that there is an exception to the rule that partnership assets are not subject to attachment for the personal debts of the partners when the debtors are also the only partners in the firm. Accordingly, we conclude that the circuit court properly dismissed Ag Services' claim against Firstar Bank.

*By the Court.*—Judgment affirmed.